In re: Appeal of Consolidated Cleaning Shops, Inc.

Argued May 5, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*H. Stewart Dunn,* and with him *Saul Schein* of *Thompson, Rose, Bechman & Dunn,* for appellant, cited: White's Appeal, 287 Pa. 259; Reimer v. Dallas, 129 Atlantic 390.

*Thomas M. Benner,* First Assistant City Solicitor, and with him *Chas. A. Waldschmidt,* City Solicitor, for appellee, cited: Ostrowsky et al. v. City of Newark et al., 139 Atlantic 911; Wood v. City of Richmond, 138 Southeastern 560.

OPINION BY TREXLER, P. J., July 8, 1931:

The question arises under the zoning ordinance of the City of Pittsburgh. The Consolidated Cleaning Shops, Inc., presents a petition to the court, reciting that it is engaged in the cleaning and dyeing business at the corner of Bryant Street and North Euclid Avenue in the Eleventh Ward of the City of Pittsburgh; that on July 29, 1930, it made application to the Board of Adjustment for a modification of the terms of the Board's decision made on August 18, 1928, insofar as to permit it to install a coal burning boiler, fully equipped with a stoker and other smoke prevention devices in place of a gas burning boiler, which was installed under the permission given formerly by said Board.

The zone in which the cleaning establishment was located being designated as commercial and the carpet

and bag cleaning establishment being prohibited, the order made under the first petition by the zoning commission was an extension of a nonconforming use. It appears in the present petition that the Board of Adjustment denied the petitioner's appeal for modification of its former decision. The petition further alleges that practically all the cleaning and dyeing establishments in the City of Pittsburgh, including an establishment located in the same zoning area as the petitioner, are now using coal burning boilers equipped with stokers and other smoke prevention devices and it is alleged that the use of the coal burning boiler is much safer and that the cost of gas is so high as to make it practically prohibitive to operate the plant and meet competition, and that the Board abused its discretionary powers in denying their prayer. The court refused to interfere.

The court states that the "appellant does not assert that the decision of the Board of Adjustment is contrary to the terms of the Act of Assembly and the Zoning Ordinance. It admits that it is praying for the extension of a non-conforming use, and also that it obtained a permit from the City for a non-conforming use on the express condition that it would use gas instead of coal for fuel. It now asks to be relieved of the condition to which it once assented in return for a permit to which it was not entitled under the strict terms of the Act of Assembly and the Ordinance, and the only reason it can give for its present application is that the decision of the Board of Adjustment was an abuse of their discretionary powers because it says that the use of gas entails upon it a hardship in competition with its competitors who are permitted to use coal."

The testimony discloses that some of the people in the neighborhood oppose the granting of the petition. There were certain conditions imposed upon the first

allowance of the addition to the building which the applicant was very slow in carrying out. In the first place, the allowance of an extension to the building in a non-conforming zone was largely a matter of grace with the Board of Adjustment. It is true that there was evidence that other concerns had changed to the coal burners and one competitor within the same zone, but the competitor using coal has a building which is detached, occupying its own block of ground exclusively, whilst the petitioner's plant is in closer contact to neighboring houses.

We think, without further elaboration, this was a matter within the sound discretion of the Board. We see no compelling reason for us to interfere. The appellant was not entitled to any particular kind of device in supplying steam and there is sufficient difference in the situation of the complainant and its competitor as to absolve the Board from any charge of unjust discrimination. Nor do we know of any requirement that compels the Board to a non-conforming applicant to impose exactly the same conditions to each case arising in such zone. The conditions may change in accordance to location, contiguity to other properties and other elements which may enter into the matter.

The order of the court is affirmed.