Everson, Appellant, *v.* Zoning Board of Adjustment.

Argued January 12, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and McBRIDE, JJ.

*Wallace H. Webster, Jr.,* with him *Snyder, Webster and Worth,* for appellant.

*Roy A. Reabuck,* Assistant City Solicitor, with him *George T. Sacks,* City Solicitor, for Zoning Board of Adjustment of the City of Allentown, appellee.

OPINION BY MR. JUSTICE BELL, March 16, 1959:

Everson purchased Lots 1118-1126 Union Boulevard in Allentown and erected a large building in 1937 to carry on its business of repairing electric motors, generators, coil manufacturing, etc. In 1941 it constructed a 40' addition; in 1943 it added a basement and an addition of 50' x 60' to its building; and another addition was made in 1945. In 1944 it purchased Lots 860 to 890 on North Kiowa Street which adjoined its property and it erected on these lots a two-car garage and a conduit storage building adjoining the garage.

The City of Allentown adopted a zoning ordinance on March 14, 1948. Everson applied for a 15 foot setback and a variance to erect an addition—100 feet long, 62 feet wide and 22 feet high—to its present building, contending it was merely an expansion of its non-conforming use. The Zoning Board granted a 5 foot set-back, a variance and the expansion requested but imposed numerous restrictions. The Court of Common Pleas remanded the case to the Board for additional testimony and thereafter reversed in part and sustained in part the restrictions and conditions imposed by the Board.

Everson raises two questions on this appeal. (1) May the Board in granting the expansion of a non-conforming use and set-back variance impose conditions and restrictions: (2) Were the restrictions with respect to off-street parking, paving the entire parking area, and no external storage of materials, if permissible at all, reasonable, proper and lawful?

Everson in its application to enlarge its building stated that it needed a larger building because the work load on heavy equipment had increased. The proposed enlargement of its plant will require hiring additional employees, most of whom drive their own cars. Parking space in the streets adjacent to Everson's plant is limited, and Everson always insisted that if possible its employees should park their cars upon its open lot area. Everson's non-conforming use jutted into a finely developed residential area. The open area of the lot devoted to parking is unpaved, presents an unsightly appearance and in periods of heavy rain, loose dirt and gravel are washed from the lot to the area in front of neighboring residences, and in dry seasons the movement of cars into and from the lot causes clouds of dust.

The pertinent section of the Allentown Zoning Ordinance which provides for the granting of extensions of non-conforming uses is as follows: "Unless otherwise contrary to law, a non-conforming use in existence at the time of the adoption of this ordinance, 1. may be continued subsequently; 2. may be changed to another non-conforming use of the same or of a more restrictive classification; 3. may be reasonably enlarged or extended to provide for natural expansion thereof, to accommodate increased trade, business or industry, provided that such enlargement or extension shall not in any case be detrimental to or tend to alter the character of the neighborhood, and that a permit therefor be granted by the Board of Adjustment."

Section 13 of the Ordinance authorizes the Board to hear and decide special exceptions and variances as follows: "In exercising the above mentioned powers, the Board may reverse or affirm, wholly or partly, or may modify, the order, requirement, decision or determination appealed from, and may make such order, requirement, decision or determination as ought to be made, and, to that end, shall have all the powers of the Zoning Officer."

This latter provision of the Allentown Zoning Ordinance is based upon the identical wording of the enabling section of the Third Class City Code authorizing cities to enact zoning ordinances: 53 PS §39126.

The power of a Board of Adjustment to impose as a prerequisite to the granting of an extension of a nonconforming use or to the grant of a variance, reasonable conditions, or restrictions or safeguards, is inherent in a Board of Adjustment. This power has been impliedly recognized and approved by the Court in *Nicholson v. Zoning Board of Adjustment*, 392 Pa. 278, 140 A. 2d 604; *Freed v. Power*, 392 Pa. 195, 139 A. 2d 661; *Gish v. Exley*, 153 Pa. Superior Ct. 653, 34 A. 2d 925; *Consolidated Cleaning Shops, Inc.*, 103 Pa. Superior Ct. 66, 157 A. 811; and also in many decisions of lower Courts. See also to the same effect: McQuillin, "Municipal Corporations", Vol. 8, §25.271.

The Board, in addition to hearing voluminous testimony, twice visited the premises and physically viewed the operation of the plant and surrounding neighborhood. The Board in the face of strenuous objections by neighbors, granted Everson nearly everything he requested in his application for expansion and for a variance. However, the Board did require Everson to landscape and pave the open parking lot with suitable shrubbery to protect neighboring residences from lights, noise, gas fumes, dust and gravel, and because

of the limited parking areas on the streets and the additional vehicles necessitated by an increase in Everson's employees, required a paved (black top) *off-street* parking area for its employees. We cannot say that it was an abuse of discretion under the facts here present.

The prohibition of external storage of Everson's materials which was made by the Board after additional testimony had been taken, raises a close question. The question in this Court is not what decision we would have made had we been the Board of Adjustment or the lower Court. These cases come to this Court in the nature of a broad certiorari and we examine the record to see whether there is adequate evidence to sustain the findings and whether there has been a manifest abuse of discretion or an error of law: *Silverco v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A. 2d 147; *Rolling Green Golf Club Case,* 374 Pa. 450, 97 A. 2d 523; *Nicholson v. Zoning Board of Adjustment,* 392 Pa., supra.

Everson testified in general language that he used the open area part of his lot for the storage of materials outside the building, *prior* to the ordinance. Some of this storage consisted of debris—oil drums and empty crates. The Board apparently found[*] that Everson's open area usage prior to the ordinance was only cursory and was not vital or necessary and had not been sufficiently established.

Under all the facts, we find no abuse of discretion or error of law. Order affirmed; each party to pay his and its respective costs.

---

[*] The lower Court made no finding and did not even discuss this question.