## George Appeal

*William C. Cramer,* for appellants.
*J. Dennis Guyer* and *Stephen E. Patterson,* for appellees.

EPPINGER, *P.J.,* January 28, 1980—David and Frances George (owners) own a tract of real estate

improved with a garage in Washington Township. It is located in an R-U (Residential Urban) district and this classification has been in effect since July 16, 1973. The owners acquired the property from Joseph and Joan Warner who used the property in their motor vehicle repair business, where they also sold parts and petroleum products. This business was known as the Keystone Garage and was a nonconforming use at the time the Washington Township Zoning ordinance was adopted.

After the owners (Georges) acquired the property, they applied to the Washington Township Zoning Officer for a permit to use the property as a business office and nonpublic repair shop and storage (parking) area for equipment associated with their construction business. The officer issued the permit pursuant to section 404 of the township zoning ordinance.[1]

Adjoining property owners appealed the zoning officer's issuance of the permit to the Washington Township Zoning Board. After a hearing the board entered an order and decision on March 14, 1978 in which it was found, among other things, that the owners' use of the property did not constitute a use of a less restrictive classification. The board concluded that the permit was properly issued and that the owners could continue to use the property for their construction business, but imposed conditions. Condition (a) limited parking to the garage

---

1. Section 404. Change of Use

"1. A nonconforming use may be changed to another nonconforming use of the same or more restricted classification by obtaining a zoning permit.

"2. When a conforming use has been changed to a more restricted classification, or to a conforming use, such use shall not hereafter be changed to a use of less restricted classification."

and parking lot surrounding the garage (presumably intending that the owners should not park vehicles along the highway in front of their building), and conditions (b) and (c) required arborvitae (or similar evergreen plant) screening in certain areas.

The owners did not appeal this decision. Neighbors complained that the owners had not complied with the conditions, and in February 1979 their attorney complained to the Washington Township authorities demanding that the permit issued to the owners be revoked because the owners (1) failed to maintain the shrubbery screen; (2) established an entrance more than 14 feet wide through the screened area; (3) parked vehicles outside the board approved area; and (4) left junk and old tires visible in an area between the garage and a small frame building.

Responding to this letter, the zoning hearing board met and considered evidence limited to whether the conditions imposed in the March 14, 1978 order had been complied with. The board concluded that the conditions had not been complied with. Vehicles were parked in violation of the order and what planting had been done was dead and ineffective. The board made an order on April 25, 1979 revoking the zoning permit theretofore issued, citing section 1802(7) of the ordinance.[2]

The owners have appealed to this court from the decision of the zoning hearing board after the zoning officer notified them on April 27, 1979 that they

2. 1802(7) Zoning Hearing Board Certificate. It shall be the duty of the Zoning Hearing Board to issue a Zoning Hearing Board Certificate which shall indicate the action of the board on application for an appeal or opinion on review. The board may cancel or revoke a Zoning Hearing Board Certificate for any violation of the ordinance, or of conditions imposed.

would have to discontinue all activities on the property associated with the construction business by May 4, 1979. We did not receive new or additional testimony so our scope of review is limited to determining whether the zoning board abused its discretion or committed an error of law: Concord Township Appeal, 439 Pa. 466, 469, 268 A. 2d 765, 766 (1970).

If the zoning board had the authority to impose the conditions upon the nonconforming use, we conclude that the board was within its authority to revoke the permit for noncompliance with the conditions: Washington Township Zoning Ordinance, section 1802(7). In presenting this matter to the court, the owners argue that the zoning board never had the right to impose the conditions, that they were a nullity, and therefore that the board has no right to revoke that permit for noncompliance with the conditions. We agree and will therefore sustain the appeal.

Section 404(1) of the Washington Township Zoning Ordinance provides that a nonconforming use may be changed to another nonconforming use of the same or more restricted classification and the board found that the owners' use of the property did not constitute a use of a less restricted classification and would not tend to alter unfavorably the essential character of the immediate neighborhood. Having reached this conclusion, it was without power to impose the conditions: Press v. Board of Adjustment, 8 Bucks 320 (1958).

Press operated a day camp as a nonconforming use. The zoning board permitted the construction of two cabins and a recreational building on the property but in so doing imposed six conditions. On appeal, the Bucks County Common Pleas Court held

that the board was powerless to impose the conditions, noting that section 1100(3) of the township zoning ordinance, identical to section 404(1) of the Washington Township ordinance, provided: ". . . A nonconforming use of a building or land may be changed to a nonconforming use of the same or more restricted classification. . . ."

The ordinance placed "day camp" and "camp" in the same classification so the court concluded that Press was entitled to the permit as of right.

The Bucks County court further held, 8 Bucks 327, 328, that the conditions attached to the granting of the permit were beyond the board's power and of no effect, and that a zoning board could not impose conditions with respect to uses which are unequivocally authorized by the language of the zoning ordinance.

Because it has been called to our attention as being precedent for the action taken by the Washington Township Zoning Board in imposing conditions, we have reviewed Cornell Uniforms, Inc. v. Abington Twp., 8 Pa. Commonwealth Ct. 317, 301 A. 2d 113 (1973). In that case a location was used as a dry cleaning business as a special exception containing the following condition: "'The business must not be noxious or offensive by reason of odor, smoke, gas, vibration . . .'" If it was, the owner had to appear for another hearing. Then Cornell took over the operation, the zoning ordinance was amended and the business continued as a nonconforming use in the district. Neighbors protested the activity and the Commonwealth Court held that the board had continuing authority to place restrictions on a variance or a nonconforming use, citing Everson v. Zoning Board of Adjustment, 395 Pa. 168, 149 A. 2d 63 (1959).

Realizing that the existence of a construction business within a residential area could be unpleasant to the residents, we expected to find in Cornell and Everson support for the proposition that the conditions imposed by the board were proper, could be enforced and, for failure to comply therewith, the business activity could in effect be shut down. That is not so. In Cornell the business was being operated under the special exception with conditions from the time it opened and so the effect of the Commonwealth Court's decision is to affirm that those conditions come under continued scrutiny by the board. In Everson, the owner applied for a permit to extend a nonconforming use. The court merely stated that a zoning board did not have power to condition the granting of an extension of a nonconforming use or a variance. This is undisputed. All the Georges are asking for is to continue the use that had existed prior to the time the zoning ordinance was adopted in Washington Township. This they may do and neither the board nor this court can impose conditions upon that use.

In Press, in describing the action of the board in imposing the conditions, the Bucks County Court said at p. 325: "The board's error lay in its consideration of the case as one involving a special exception (or possibly even a variance, the latter term being mentioned in its ultimate order which was not without ambiguity)."

But Press did not require a special exception or variance or even an extension of the nonconforming use. Neither do the Georges; all they are asking is to use the property as it had been used before the zoning ordinance was adopted.

. There is a complicating factor. We have said the zoning board was without authority to impose con-

ditions on the Georges and that such conditions were a nullity. The board has argued, however, that since no appeal was taken from the order of March 14, 1978 which originally imposed the conditions (and such appeal must under the township ordinance be taken within 30 days), the conditions are now unassailable and must be enforced.

An order, in this case the order of the zoning board imposing conditions upon the continued use of the Georges' property, is void on its face if one or more of three jurisdictional elements are absent: the board's jurisdiction of the parties; the board's jurisdiction of the subject matter; or the power or authority to render the particular judgment: Roberts v. Gibson, 214 Pa. Superior Ct. 220, 251 A. 2d 799 (1969). As stated in 20 Am.Jur. 2d, Courts §90: "[W]hat is jurisdictional and what is nonjurisdictional error is not always easy to determine." We have concluded in this case that the board did not have jurisdiction to impose the conditions. This lack of jurisdiction can be raised at any time: 1 Standard Pa. Pract. §51; 2 Goodrich-Amram 2d §1032:7. The failure of the Georges to act promptly after the board imposed the conditions could not confer jurisdiction on the board because neither failure to appeal, nor estoppel, nor waiver can confer subject matter jurisdiction: 9 Standard Pa. Pract. §48, citing Wettengel v. Robinson, 288 Pa. 362, 136 Atl. 673 (1927).

## ORDER

January 28, 1980, the decision and order of the Washington Township Zoning Hearing Board entered April 25, 1979 to revoke zoning permit no. NC 1893 issued to David L. George and Frances S.

George, his wife, appellants, is declared invalid and is hereby set aside; and

The decision and order of the Washington Township Zoning Hearing Officer entered April 27, 1979 issued pursuant to the zoning hearing board's decision and order of April 25, 1979 is declared invalid and is hereby set aside; and that part of the decision and order of the Washington Township Zoning Hearing Board entered March 14, 1978 which imposed conditions upon appellants' continued use of the subject property is hereby stricken, the remainder of said decision and order to remain in full force and effect.

Each party shall pay his own costs.