Arley L. Collis, Appellant *v.* Zoning Hearing Board of East Allen Township et al., Appellees.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Robert Long*, with him *Richard C. Buss*, of *Buss & Eckensberger, P.C.*, for appellant.

*James L. Broughal, Bartos, Broughal & Wasylik*, for appellee.

*Elwood M. Malos*, for intervenors.

OPINION BY JUDGE ROGERS, May 14, 1980:

Arley L. Collis has appealed from an order of the Court of Common Pleas of Northampton County affirming the action of the Zoning Hearing Board of East Allen Township reversing the zoning officer's interpretation of the township zoning ordinance as allowing Collis to move a nonconforming use.

The pertinent facts of this case are undisputed. Collis owns a lot of land located on the north side of Pa. Route 329. His home and a nonconforming wrecked auto storage facility which he operates[1] is located on this lot. Collis also owns four contiguous lots of land on the south side of Route 329 across from his home property. Collis owns outright three of the lots on the south side of the road; he is the equitable owner under an agreement of sale of the fourth, most western lot. Collis operates a nonconforming automobile salvage business on the two easternmost south side lots. The third and fourth lots are vacant. Collis acquired all of the lots before there was any zoning in East Allen Township. The intervenors below, James H. Schaffer and wife and James H. Schaffer's son, Gary J. Schaffer and his wife, own and reside in homes on lots on the south side of Route 329, opposite Collis' home and bounded on the east, west and south by Collis' four lots.

In August 1978, Collis, with the approval of the township zoning officer, began to move his auto storage operations from its location on his home lot north of Route 329 to the westernmost then vacant lot on the south side of Route 329 adjoining the Schaffers on their west. This was the lot in which Collis had an equitable interest.

The Schaffers appealed the zoning officer's approval of the relocation of Collis' automobile storage business to the Zoning Hearing Board. They asserted that the zoning officer's approval of the move was based upon a misinterpretation of a provision of the

---

[1] The auto storage facility is used to store automobiles damaged in accidents until the owner's insurer decided what to do with them. If the insurer decided to sell the automobile, it would do so by auction. Collis participated in these auctions, and when he was the successful bidder he moved the automobiles to his salvage facilities on the south side of Route 329.

township's zoning ordinance applicable to the extension of nonconforming uses, Section 903(B)(1) of the township's zoning ordinance, which provides in part that

[a] use that does not conform to the use regulations of the district in which it is located may be extended provided that:

1. The proposed extension shall take place only upon the lot or lots held in single ownership at the time the use became nonconforming.

The Board held that the single ownership requirement of Section 903(B)(1) was not satisfied by the possession of only equitable title to the lot to which the storage operation was being moved.

Collis appealed the Board's determination to the court below which agreed that Collis was not entitled to move his automobile business as he desired, but for reasons different from that given by the Board. The court correctly held that the word ownership used in Section 903(B)(1) should be construed to mean equitable as well as record ownership. *See* Section 107 (12) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10107(12). On the merits, the court concluded that Collis was not permitted to move the nonconforming use conducted on the north side of the road to land on the south side which had never previously been used for that purpose and was not contiguous to any land which had been used for a nonconforming purpose.

Collis submits two questions. As he had below, he contends that neither the Zoning Hearing Board nor the courts have jurisdiction because, somehow, there was no action on the part of the zoning officer from which an appeal could be taken by the Schaffers. He clearly misapprehends the law in this regard. Section 909 of the Pennsylvania Municipalities Planning

Code, 53 P.S. §10909, confers jurisdiction on zoning hearing boards to decide appeals where it is alleged that the zoning officer has misinterpreted or misapplied a provision of the zoning ordinance. Section 914, 53 P.S. §10914, provides that any person aggrieved may take an appeal pursuant to Section 909. Collis consulted the zoning officer before he commenced to move his storage operation to the lot on the south side abutting the Schaffers on their west and the zoning officer interpreted Section 903(B)(1) as allowing the move as a matter of right. Surely a landowner about to suffer the incursion of an outdoor automobile storage enterprise on previously vacant land abutting his home in a residential zoning district is a person aggrieved by a decision of the zoning officer that such a move is proper.

Collis next says that the court below erred because Section 903(B)(1) gives him the right to conduct his lawful nonconforming use anywhere on any lot which he held in single ownership when the ordinance was enacted. As reference to the provision in question quoted above will show, it does not provide that a nonconforming use may be extended to any lot or lots held in single ownership as the owner chooses; rather, it is restrictive—providing that a nonconforming use may only be placed on lot or lots held in single ownership when the ordinance was adopted. The drafters of the ordinance were expressing their concern that an attempt might be made to extend the nonconforming use to lots acquired after the ordinance was adopted; the purpose was not that of allowing a landowner to extend his nonconforming use over all of his land and without regard to its use prior to the enactment of the ordinance. Our interpretation is consistent with the principle that provisions of zoning ordinances which provide for the continuance or expansion of nonconforming uses must be strictly construed. *Hanna v.*

*Board of Adjustment,* 408 Pa. 306, 183 A.2d 539 (1962).

With the rejection of Section 903(B)(1) as authority for moving the storage business from his home lot to land on the south side of Route 329 not previously devoted to nonconforming use, Collis is put to the task of justifying the move by general principles relating to the expansion of nonconforming uses. Constitutional limitations, it is true, require that nonconforming uses be permitted to continue. But it is the policy of the law closely to restrict such nonconforming uses. *Hanna v. Board of Adjustment, supra.* Expansions of nonconforming uses are also protected to the extent that they are necessary to provide for the natural expansion and accommodation of increased trade. *Gilfillan's Permit,* 291 Pa. 358, 140 A. 136 (1927); *Peirce Appeal,* 384 Pa. 100, 119 A.2d 506 (1956); *Mack Zoning Appeal,* 384 Pa. 586, 122 A.2d 48 (1956). The things protected, then, are the use as it existed when the zoning ordinance made it nonconforming and natural expansion and the accommodation of increased trade. Collis' case is defective because his record includes no evidence that the proposed relocation of the automobile storage operation from his home lot on the north side of the road to vacant land on the south side next to the Schaffers was to provide for natural expansion and the accommodation of increased trade. So far as this record reveals the move was solely for Collis' convenience. The only explanation for the move offered by Collis is that he had erected a fence on the south side and desired to store the vehicles there to discourage theft. He offered no reason why a fence could not be erected on his home lot where autombobiles have been stored since before the township's zoning ordinance was enacted.

Order affirmed.

AND Now, this 14th day of May, 1980, the order of the Court of Common Pleas of Northampton County at No. 1979-C-517 is affirmed.