## Michener Appeal

*Madaline Palladino*, for appellants.

*Charles J. Fonzone* and *Donald H. Lipson,* for appellee.

DIEFENDERFER, *J.*, October 28, 1980—This case comes before the court on a timely filed appeal from the denial of a permit by the Zoning Hearing Board of Fountain Hill (board) to operate a business of coin operated food, beverages and amusement vending machines in a commercial district zone of Fountain Hill.

The prior business located at this address was a retail seller of pinball games, juke boxes and other electronic games of this sort. One of the partner-appellants had been general manager of the previous business. At some time the business at this location started to allow the games to be played on the premises by young adults. Shortly thereafter, the occupants were notified that this type of use was not allowed by the permit for this premises. The center was then closed and the appellants applied

for a permit to operate a commercial recreational center. The zoning officer denied the permit. From there the appellants appealed to the board and were again denied by the board. The board summarized its findings in respect to this matter in its discussion and said the following:

"Whether the playing of pinball machines, video games, fuss ball and shooting pool is a commercial recreation seems to be within the discretion of the Zoning Hearing Board. The description of the business was given and the Zoning Hearing Board rejected the including of the proposed family entertainment center and company office as Commercial Recreational."

The appellants then appealed to this court.

Appellants base their claim for the permit on Section 2-8, Zoning Ordinance, Borough of Fountain Hill, defined as commercial district. Subsection 2-8-2 provides for "Uses Permitted by Right" and contains as one of the delineated uses "Commercial recreation, including bowling establishments and theaters other than outdoor drive-in theaters." The board failed to grant the appellants a permit under this section.

The court's scope of review in these matters is to ascertain if there was an abuse of discretion, if the board committed an error of law or if the findings of fact were supported by substantially competent evidence: Soble Construction Company v. Zoning Hearing Board of Borough of East Stroudsburg; 16 Pa. Commonwealth Ct. 599, 329 A. 2d 912 (1974); Rothrock v. Zoning Hearing Board of Whitehall Township, 13 Pa. Commonwealth Ct. 440, 319 A. 2d 432 (1974); Grace Building Co., Inc. v. Hatfield Township, 16 Pa. Commonwealth Ct. 530, 329 A. 2d 925 (1974).

It must be remembered that "[a]s has been stated many times,. zoning ordinances, being in *derogation of a property owner's* constitutional rights, *must be strictly construed.*" Pittsburgh Outdoor Advertising Company v. Zoning Board of Adjustment of Pittsburgh, 14 Pa. Commonwealth Ct. 54, 59, 320 A. 2d 916, 918 (1974). (Emphasis supplied.) Reed v. Zoning Hearing Board of West Deer Township, 31 Pa. Commonwealth Ct. 605, 377 A. 2d 1020 (1977).

Appellants contend that their use would qualify as a commercial recreation use. A commercial district has been defined as an area that contains businesses such as office buildings, apartment houses, stores, garages, though it would exclude business of an industrial or manufacturing nature: Burke v. Hollinger, 296 Pa. 510, 146 Atl. 115 (1929). Other jurisdictions have also had to define "commercial" in relation to zoning. "The word 'commercial' as used in the law of zoning denotes 'uses for profit.'" Imbergamo v. Barclay, 77 Misc. 2d 188, 352 N.Y.S. 2d 337, 341 (1973); Lanski v. Montealegre, 361 Mich. 44, 104 N.W. 2d 772 (1960). In Reiser v. Meyer, 323 S.W. 2d 514 (Mo. App. 1959), the court stated that although "commercial" in its broadest sense comprehends all business, in its narrow sense it means only those enterprises engaged in buying and selling goods and services. Certainly in our fact situation, the appellants wish to carry on a business for profit. Even under its narrow definition, these activities would fall under "commercial" because they are selling a product or service for a profit. Therefore, the business is a commercial activity.

In our case the explicit language of the zoning ordinance allows, *as a matter of right,* the use of premises in a commercial district as a commercial

recreation center. The premises are to be used for pinball, pool and electronic games. This does seem to be a commercial recreation use. But it appears from the zoning ordinance that the board did not have any discretion to turn down these uses unless other application requirements of the ordinance are not satisfied. The major complaint from the objectors was the increase in the noise and the congestion of the area with the young people. The court is sympathetic to the reasons raised by the objectors relative to the intended use of these premises. However, the remedy of such problems cannot be directed to the zoning board but is a matter to be directed to the legislative branch of the Borough of Fountain Hill to correct the problems brought before the board, if such legislative branch would deem it necessary. These types of decisions are legislative and should be made by the legislative body of Fountain Hill.

However, the borough is not without any power to regulate the appellants' business. The overall right of a municipality to zone is founded upon the inherent police power of the borough. As stated in subsection 1-3-1, "The purpose of this ordinance [referring to the zoning ordinance] is to promote the public health, safety, morals or the general welfare of the present and future inhabitants of the municipality. . . ."

It is the position of this court that the zoning board can regulate the business as long as the regulation is reasonable and not designed to destroy the appellants' business. In Cornell Uniforms, Inc. v. Abington Township, 8 Pa. Commonwealth Ct. 317, 301 A. 2d 113 (1973), the court allowed the hearing board to impose conditions on the business, including a restriction on the hours of operation of the business. As long as these restrictions are reason-

able and not an abuse of discretion, then they are valid. See also Everson v. Zoning Board of Adjustment, 395 Pa. 168, 149 A. 2d 63 (1959). Although these cases dealt with nonconforming uses, the decision is still based on the principle that zoning hearing boards are duty bound to regulate toward protecting the public safety, health, morality and welfare. So too, in this case, the hearing board has the power to protect the community and can impose restrictions on any business as long as the aim of the restriction is to protect the community and not to destroy the business. Therefore, the board could restrict appellants' hours of operation to reasonable hours and in other ways place conditions on the operation to eradicate the other problems complained about at the hearing. These regulations cannot be unreasonable in light of appellants' right to conduct their business, but they can help ease the problems that may arise.

In conclusion, the court finds that the proposed use by the appellants is a commercial recreation use as defined by the Zoning Ordinance, Borough of Fountain Hill. Under section 2-8-2 of this ordinance, this is a "Use Permitted by Right." Therefore, the Zoning Board of the Borough of Fountain Hill committed an abuse of discretion in so finding such use not to be a commercial recreation use and the decision of the board is reversed and the matter is remanded to the Zoning Board of the Borough of Fountain Hill to hear such additional testimony as it may deem necessary for the purposes of imposing reasonable conditions upon the use of said premises by appellants.

## ORDER

Now, October 28, 1980, for the reasons enumer-

ated in the attached opinion, the decision of the Zoning Hearing Board of the Borough of Fountain Hill is hereby reversed and the matter is remanded to the Zoning Hearing Board of the Borough of Fountain Hill to hear such additional testimony as it may deem necessary for the purpose of imposing reasonable conditions upon the use of said premises by appellants.