533 A.2d 1130

Albert Frost and Betty Frost, his wife; Joanne P. Stathers and Lawrence Harris and Tanna Harris, his wife, Appellants v. The Borough of Centerville, et al., Appellees.

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Robert N. Clarke,* for appellants.

*William Crum, Jr.,* with him, *Henry C. Berns, Rothman, Gordon, Foreman & Groudine, P.A.,* for appellees.

*Oliver N. Hormell,* for appellee, Borough of Centerville.

OPINION BY JUDGE PALLADINO, December 1, 1987:

Albert and Betty Frost, Joanne P. Stathers, and Lawrence and Tanna Harris (Appellants) appeal an order of the Court of Common Pleas of Washington County (trial court), which dismissed their complaint against the Borough of Centerville, Dewey Milich, Joseph R. Kurilko, and John and Mary Sesco (Appellees). We reverse and remand.

Appellants are neighboring property owners of John and Mary Sesco in Centerville, Pennsylvania.[1] In April of 1985, the Sescos applied for a building permit in order to construct a storage building and store. Joseph Kurilko, the Borough's zoning officer, issued this permit. Subsequently, the Sescos began to construct on their property a golf driving range, for which no permit was issued.

At a meeting of the Borough Council on July 9, 1985, Appellants expressed their concern about the driving range, which they asserted was in violation of the applicable zoning ordinance.[2] The Borough solicitor

---

[1] The Sescos and Appellants reside in an area which is zoned as residential. The Sescos have operated a restaurant on their premises and this non-conforming use was in existence prior to the enactment of the Borough zoning ordinance.

[2] Appellants do not contest the issuance of the building permit for the storage building and store. Appellants contend that the Sescos' construction of the golf driving range violates Sections 502.3

informed Appellants that the Sescos were using their property in a lawful manner because the property was used commercially prior to the enactment of the zoning ordinance. Appellants allege that the solicitor did not advise them of a right to appeal to the Zoning Hearing Board (ZHB). Appellants' attorney wrote two letters to the Borough Council demanding enforcement of the ordinance, but no action was taken by the Borough.

Appellants then filed a complaint in mandamus and/or trespass in the Court of Common Pleas against the Borough of Centerville and John and Mary Sesco. By leave of court in an amended complaint, Appellants added Dewey Milich, the mayor of Centerville, and Joseph R. Kurilko, the zoning officer, as defendants, alleging that Milich had improperly ordered the zoning officer not to enforce the ordinance.[3] Appellants sought enforcement of the relevant zoning ordinance as well as damages for the diminution in property values resulting from the operation of the driving range. The trial court sua sponte raised the issue of subject matter jurisdiction and dismissed the complaint on the grounds that Appellants had failed to file a timely appeal with the ZHB.

The sole question presented for our review is very narrow, namely, whether the trial court erred in dismissing the complaint for lack of subject matter jurisdiction on the basis that sections 909 and 1007 of the Penn-

---

and 502.4 of the Zoning Ordinance of the Borough of Centerville which requires that a zoning certificate by obtained before changing the use of a structure or land to a different use or changing a non-conforming use.

[3] Pleadings filed consisted of complaint, answer to complaint, petition for leave to amend, amended complaint and answer to amended complaint. We note that Appellees did not raise the issue of governmental immunity in their pleadings.

sylvania Municipalities Planning Code (MPC)[4] vest the ZHB with exclusive jurisdiction over appeals from decisions of the zoning officer and/or municipality's governing body.

Section 909 provides that a zoning hearing board shall hear and decide appeals where a zoning officer has allegedly failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance. Section 1007 requires that persons who are aggrieved by a use or development on the land of another and who wish to obtain review or correction of the decision of the municipality's governing body or officer which has permitted the same must first submit objections to a zoning hearing board. Implicit, then, in the appeal procedures outlined in the MPC is the existence of a decision or order which is subject to review.

The trial court, in its opinion, stated that Appellants should have first appealed to the ZHB and that failure to do so precluded judicial review of the matter. As support for its decision, the trial court cited *Cornell Uniforms, Inc. v. Abington Township,* 8 Pa. Commonwealth Ct. 317, 301 A.2d 113 (1973) and *Collis v. Zoning Hearing Board of East Allen Township,* 51 Pa. Commonwealth Ct. 368, 415 A.2d 102 (1980). However, reliance on these cases is misplaced. *Cornell Uniforms* indicates that a timely appeal must be taken to a zoning hearing board where a zoning officer has actually issued a permit for the particular use in question. In this case, the zoning officer never issued a permit for the driving range. Therefore, Appellants had no decision or order from which to appeal.

Further, the holding in *Collis* is premised on the fact that the zoning officer *interpreted* a zoning ordi-

---

[4] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§909, 1007.

nance to allow a landowner to move a non-conforming use from one property to another. Although the zoning officer in *Collis* did not issue a permit, he nevertheless did informally approve the landowner's proposal. The zoning officer in this case, however, testified that he was not aware of the Sescos' plans to construct a driving range at the time he issued the building permit.[5] Thus, the zoning officer was not called upon to interpret the zoning ordinance in relation to the legality of a driving range.

The trial court also stated that, even if Appellants were not required to appeal the issuance of the building permit, Appellants *were* required to appeal the determination of the solicitor on July 9, 1985 that the golf driving range did not violate the zoning ordinance. In holding that the statements made by the solicitor constituted an appealable decision, the trial court relied on *Pittsburgh Outdoor Advertising Company v. City of Clairton,* 390 Pa. 1, 133 A.2d 542 (1957) in which a city solicitor's letter, providing notice of an ordinance violation to a city resident, was considered an appealable decision. However, in *Pittsburgh Outdoor Advertising,* the solicitor was acting upon the express instructions of a zoning officer. In this case, there is no indication in the record that the solicitor was interpreting the zoning ordinance at the direction of the Borough Council nor that the Borough Council subsequently adopted the statements made by the solicitor as its formal position.

Finally, we note that the question of the power of a zoning hearing board to enforce violations of an ordinance and/or to issue remedial orders has recently been addressed by the Pennsylvania Supreme Court in *In Re: Leopardi,* 516 Pa. 115, 532 A.2d 311 (1987). The court

---

[5] Deposition of Joseph Kurilko at 27-28.

determined that the power to enforce a local zoning ordinance lies in the board of supervisors, or an agent delegated that power by that body. Conversely, the power to issue enforcement or remedial orders is *not* expressly conferred upon a zoning hearing board nor is that power implied in the powers delegated. A zoning hearing board only has power to render decisions.

Because the present action is one in mandamus and/or trespass, the *Leopardi* decision compels us to conclude that, where there is no appealable decision or action by a zoning officer or municipality, landowners seeking enforcement of an ordinance are not required to first appeal to a zoning hearing board. Therefore, we find that the trial court erred in dismissing Appellants' complaint for lack of subject matter jurisdiction.[6]

Accordingly, we reverse and remand.

## ORDER

AND NOW, December 1, 1987, the order of the Court of Common Pleas of Washington County is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[6] Although we remand this matter to the trial court, we note that mandamus will not lie. In order for mandamus to lie, there must be a clear legal right in the plaintiff, a corresponding duty on the part of the defendant, and a lack of any other adequate, appropriate, and specific remedy. *Riccardi v. Board of Adjustment of Plymouth Township*, 394 Pa. 624, 149 A.2d 50 (1959). Because Appellants have an adequate remedy in the nature of a trespass action, the requirements are not met.