## Hahn v. Marple Newtown School District

Leonard V. Tenaglia, for plaintiffs.

Vram Nedurian Jr., for defendant Marple Newtown School District.

John K. Steverwald, for defendant William Penn School District.

LABRUM, J., January 18, 1989 —

### FINDINGS OF FACT

(1) Plaintiffs, Robert Hahn, Robert Riehs and Joel Entler were professional employees of the Delaware County Intermediate Unit and were certified, pursuant to 24 P.S. §12-1201 et seq. of the Public School Code, to teach mathematics.

(2) In September 1973, Joel Entler was first employed by the Delaware County Intermediate Unit to teach mathematics in the Vocational Technical School, and continued to teach mathematics until August 31, 1986, when he was suspended by the Intermediate Unit, for reasons of substantial decline in pupil enrollment, said suspension operational pursuant to 24 P.S. §11-1124.

(3) Following the suspension, Joel Entler was unemployed until January 1988, during which time

he received unemployment compensation of $3,150 for 1986 and $2,925 for 1987.

(4) In January 1988, Joel Entler was hired by the Philadelphia School District as a mathematics teacher at an annual salary of $30,417.

(5) In November 1972, Robert Hahn was employed by the Delaware County Intermediate Unit to teach mathematics in the Vocational Technical School and continued in that position until August 31, 1986, when he was suspended by the Intermediate Unit for reasons of substantial decline in pupil enrollment, pursuant to 24 P.S. §11-1124.

(6) Following his suspension, Robert Hahn was unemployed until November 1, 1986, during which time he received $1,818 in unemployment compensation.

(7) On November 1, 1986, Robert Hahn was hired as a long-term substitute teacher by the Upper Darby School District and earned the sum of $16,176.96 for the 1986-87 school year.

(8) Plaintiff Robert Hahn was employed by the Eastern Montgomery County Vocational Technical School for the 1987-88 school year at an annual salary of $31,195.

(9) In September 1970, Robert Riehs was employed by the Delaware County Intermediate Unit to teach mathematics in the Vocational Technical School, and continued in that position until August 31, 1986, when he was suspended by the Intermediate Unit for reasons of substantial decline in pupil enrollment, pursuant to 24 P.S. §11-1124.

(10) Following his suspension, Robert Riehs was hired by the Newcastle County, Delaware, Vocational Technical School on September 6, 1986 for a 1986-87 school year salary of $29,681.95 and a 1987-88 school year salary of $36,974.

(11) The total enrollment in the Delaware County Vocational Technical Schools from all school districts in 1985-86 was 2,017 students, of which 434 received mathematics instruction at the Vocational Technical School.

(12) The total enrollment in the Delaware County Vocational Technical Schools from all school districts for the 1986-87 school year was 1,527 of which 21 students received mathematics instruction in the Vocational Technical Schools.

(13) During the 1985-86 school year, 282 William Penn School District students were enrolled in the Vocational Technical Schools, of which 57 students received mathematics instructions at the Vocational Technical Schools.

(14) During the 1986-87 school year, 159 William Penn School District students were enrolled at the Vocational Technical Schools, of which three received mathematics instructions at the Vocational Technical Schools.

(15) During the 1986-87 school year, 71 Marple Newtown School District students were enrolled in the Vocational Technical Schools, of which 18 received mathematics instructions at the Vocational Technical Schools.

(16) During the 1987-88 school year, 91 Marple Newtown School District students were enrolled at the Vocational Technical School, of which one received mathematics instructions at the Vocational Technical Schools.

(17) During the 1986-87 school year, the sending school districts were not charged any additional tuition by the Intermediate Unit for students to receive mathematics instructions in the Vocational Technical Schools.

(18) For the 1986-87 school year, the Delaware County Intermediate Unit charged the sending

school districts at the rate of $366 per year for each student enrolled in mathematics instructions at the Delaware County Intermediate Unit.

(19) On August 29, 1986, the Marple Newtown School District hired Stephen Subers to teach mathematics in the senior high school, replacing Michael Flannery, who resigned June 17, 1986.

(20) On September 15, 1986, the William Penn School District hired Donna H. Arimoto as a high school mathematics teacher, replacing D. Neil, who resigned.

(21) On June 10, 1986, plaintiffs, through their counsel, wrote to defendants advising that they were exercising their rights to employment to fill any math vacancies, pursuant to 24 P.S. §11-1113.

(22) Defendants have not offered employment to any of the mathematics teachers suspended by the Delaware County Intermediate Unit involved in this matter.

(23) During the 1985-86 academic year, the Delaware County Intermediate Unit offered math courses at its three Vocational Technical Schools; Folcroft, Aston and Marple.

(24) During the 1986-87 school year, the Delaware County Intermediate Unit offered mathematics only at its Marple Vocational Technical School.

(25) Prior to 1986-87, the Delaware County Intermediate Unit required that students enrolled in certain vocational technical programs also enroll in mathematics at the Vocational Technical School. For the 1986-87 school year, the Intermediate Unit no longer required that mathematics be studied at the Vocational Technical Schools and eliminated most mathematics classes.

(26) The Pennsylvania Department of Education requires that in grades 9 through 12 every student

must take at least three units of mathematics. 22 Pa. Code §5.5.

(27) After 1985-86, students enrolled in the Vocational Technical Programs at Aston and Folcroft could no longer satisfy their mathematics requirements by enrolling in mathematics courses at the Vocational Technical Schools since these courses were no longer offered at these facilities. Rather, those students could only meet the math requirements of the Pennsylvania Department of Education by enrolling in mathematics courses offered in their home school district.

## DISCUSSION

This matter is an action in mandamus and is seemingly a case of first impression under the Transfer of Entities Act of the Public School Code, 24 P.S. §11-1113. The section provides in pertinent part:

"(a) When a program or class is transferred from one or more school entities to another school entity or entities, professional employees who are classified as teachers and are suspended as a result of the transfer and who are properly certificated shall be offered employment in the program or class by the receiving entity or entities when services of a professional employee are needed to sustain the program or class transferred, as long as there is no suspended professional employee in the receiving entity who is properly certificated to fill the position in the transferred class or program.

"(b) Transferred professional employees shall be credited by the receiving entity only for their sick leave accumulated in the sending entity and also for their years of service in the sending entity, the latter for purposes of sabbatical leave eligibility and placement in the salary schedule: Provided, however,

that such employees shall not utilize the sabbatical leave until they have taught in the receiving entity for a period of three years. Such employees shall transfer their accrued seniority in the area of certification required for the transferred program or class only.

"(c) Nothing contained in this section shall be construed to supersede or pre-empt any provision of a collective bargaining agreement negotiated by a school entity and an exclusive representative of the employees in accordance with the act of July 23, 1970, P.L. 563, known as the 'Public Employee Relations Act.'

"(d) As used in this section, the term 'school entity' or 'school entities' shall mean an intermediate unit and its participating school districts or an area vocational-technical school and its sending school districts."

Although there appears to be no precedent in the interpretration of this statute, the court has available the normal rules of statutory construction. The court must construe unambiguous statutory language according to its plain meaning. Pa. C.S. §§1903 (a), 1921 (a), (b); *Poliskiewicz v. East Stroudsburg University,* 113 Pa. Commw. 13, 536 A.2d 472 (1988). The legislative intent is the touchstone in interpreting a statute, *Patton v. Republic Steel Corp.,* 342 Pa. Super. 101, 492 A.2d 411 (1985), but the words used in the statute must be given their plain meaning unless doing so would create an ambiguity: *Senasek v. Senasek,* 509 Pa. 282, 502 A.2d 109 (1985).

24 P.S. §1113 applies to Vocational Technical Schools and their sending school districts. The language of the statute indicates that it would apply regardless of the cause of the class or program being transferred. The section is applicable in a situation

such as the case before this court where classes were transferred from the Vocational Technical School and disbursed to the sending school districts. In the present case, five of six individuals employed as mathematics teachers in the Vocational Technical Schools lost their job when, because of the change in the Vocational Technical Program, students receiving mathematics instruction at the Vocational Technical School decreased from 434 to 21. The effect of that decrease was disbursed throughout the constituent school districts.

Section 1113 was formulated as a solution to the problem of job displacement caused by the reassignment of students, classes and programs among school districts and Vocational Technical Schools or Intermediate Units. Pursuant to section 1124 of the Public School Code, the transferor is authorized to suspend those professional employees whose services are no longer required. The transferees are not required to hire the suspended professional employees. Section 1113 recognizes the employment rights of professionals already employed by the transferee districts. The transferee is not required to add employees to its payroll. Only when the transferee finds itself in the position of having to hire new professional employees, not already employed by either entity, to sustain the class or program transferred that the legislature requires that the transferee must give preference in employment to the teachers suspended by the transferor.

In the case before this court, two Delware County school districts found themselves in the position of hiring new mathematics teachers in 1986-87. Defendants were unable to maintain their mathematics classes without hiring a new mathematics teacher. The subject legislation requires that, in such a situation, defendants are required to look to the

teachers suspended by the Intermediate Unit before offering employment to other individuals not affected by the transfer of mathematics classes. Since defendants have refused the mandate of the legislature, this court is required to mandate such an order and to require defendants to offer employment to a mathematics teacher suspended by the Delaware County Vocational Technical Schools on August 31, 1986, and further to order defendants to make whole any of plaintiffs to be employed as a result of this court's action.

In order for mandamus to lie, there must be a clear legal right in plaintiff, a corresponding duty on the part of defendants, and a lack of other adequate appropriate and specific remedy. *Frost v. Borough of Centerville,* 111 Pa. Commw. 371, 533 A.2d 1130 (1987). Mandamus will lie to compel the performance of a ministerial act or a mandatory duty. *Germantown Business Association v. City of Philadelphia,* 111 Pa. Commw. 503, 534 A.2d 553 (1987). The court determines that mandamus does lie in this matter in order to compel the performance of a mandatory duty.

## CONCLUSIONS OF LAW

(1) The court has jurisdiction of the parties and subject matter.

(2) At the end of the 1985-86 school year, the Delaware County Intermediate Unit no longer required students to enroll in mathematics classes as part of its Vocational Technical Program, thus transferring responsibility for mathematics classes as required by the Department of Education from the Intermediate Unit to its school districts including defendants Marple Newtown School District and William Penn School District.

(3) Plaintiffs are professional employees classified as teachers who were suspended as a result of the transfer of mathematics classes from the Delaware County Intermediate Unit to defendants' school districts.

(4) Defendant Marple Newtown School District and defendant William Penn School District were unable to sustain their mathematics classes without obtaining the services of a new professional employee for the 1986-87 school year and thereafter.

(5) Defendants violated 24 P.S. §11-1113 by hiring a new professional employee to teach mathematics beginning in the fall of 1986 without first offering employment to those mathematics teachers suspended by the Delaware County Intermediate Unit effective August 31, 1986.

Therefore, we enter the following

## DECREE NISI

And now, January 18, 1989, it is hereby ordered and decreed that defendants Marple Newtown School District and the Board of School Directors of Marple Newtown School District shall hire, retroactive to September 1, 1988, one of the plaintiffs as a mathematics teacher and shall credit said plaintiff for all sick leave accumulated by said plaintiff while employed by the Delaware County Intermediate Unit and shall further credit plaintiff so hired for his years of service as a mathematics teacher with the Delaware County Intermediate Unit. It is further ordered that defendants shall pay to plaintiff so hired back pay, after deductions for earnings since September 1, 1986, together with interest and costs.

It is further ordered that defendant William Penn School District and the Board of School Directors of William Penn School District shall hire, retroactive to September 15, 1988 one of the plaintiffs as a

mathematics teacher and shall credit said plaintiff for all sick leave accumulated by plaintiff while employed by the Delaware County Intermediate Unit and shall further credit plaintiff so hired for his years of service as a mathematics teacher with the Delaware County Intermediate Unit. It is further ordered that defendant shall pay to plaintiff so hired back pay, after deductions for earnings since September 15, 1986, together with interest and costs.

Unless exceptions are filed to this decree nisi within 10 days of its date, the Office of Judicial Support is ordered to enter this decree nisi as a final decree.