Mary A. Reed *v.* The Zoning Hearing Board of West Deer Township. Township of West Deer, Appellant.

Argued May 6, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Henry W. Ewalt,* Solicitor, with him *John H. Bingler, Jr.,* and *Thorp, Reed & Armstrong,* for appellant.

*P. Ronald Cooper,* with him *Norman H. Rea, Robert R. German,* and *Reding & Rea,* for appellee.

OPINION BY JUDGE ROGERS, September 15, 1977:

West Deer Township has appealed an order of the Court of Common Pleas of Allegheny County reversing a decision by the township zoning authorities that Mary A. Reed could not place and occupy a mobile home on a lot in the Township's R-3 zoning district.

In the Spring of 1975, Reed lived in a mobile home on a rented lot in Saxonburg, Pennsylvania. She owned a vacant lot in West Deer Township. She was required to leave the rented site and decided to move her mobile home to the West Deer Township lot. The township zoning officer denied her application to place the mobile home on her lot and the Zoning Hearing Board affirmed. Reed appealed. The court below heard additional evidence and reversed the Zoning Hearing Board's affirmance of the zoning officer's denial of a permit. The court below held that the placement and occupation of a mobile home as a single-family dwelling was permitted in West Deer Township's R-3 zoning district.

Our review is to determine whether the lower court abused its discretion or committed an error of law.

*Ephross v. Zoning Hearing Board,* 25 Pa. Commonwealth Ct. 140, 359 A.2d 182 (1976).

Section 702 of the West Deer Township zoning ordinance permits the use of land in the R-3 district for "Single-family detached dwellings." Section 401 defines a single-family dwelling as "[a] building designed for or occupied exclusively as a residence for only one family." A building is defined in the same Section as "[a]nything constructed or erected with a fixed location on the ground that has a roof supported by columns or walls." It is too plain for argument to the contrary that Reed's mobile home is a single-family dwelling as so defined.

Section 401 of West Deer's zoning ordinance includes a definition of a mobile home, as follows:

A portable dwelling unit designed and built to be towed on its own chassis, connected to utilities and occupied on a year-round basis. The unit may contain parts that collapse, fold, telescope or otherwise permit continued mobility; however, these characteristics shall not categorize it as a sectional or modular home.

Two portable units designed and built to be towed on their own separate chassis and permanently combined on site to form a single immobile dwelling unit shall be regarded as a single-family detached dwelling.

The Township says that under this definition a single mobile home cannot be a single-family detached dwelling. It says that the proper reading of the second paragraph of the definition should be: "Two portable units designed and built to be . . . permanently combined on site to form a single immobile dwelling unit . . . ." and contends that unless a mobile home is one specially designed for permanent placement it cannot be a single-family dwelling. One difficulty with this

argument is that the second paragraph deals with two portable units, and this case is about one portable unit, which is the subject of the first paragraph of the definition of a mobile home. The first paragraph does not provide that a portable unit shall not be considered a single-family dwelling; it says that certain described characteristics shall not make it a sectional or modular home. Sectional or modular homes are not defined in the ordinance or the subject of regulation therein. Restrictions imposed by zoning ordinances must be strictly construed; they may not be construed so as to restrict the use of land by implication. *Fidler v. Zoning Board of Adjustment,* 408 Pa. 260, 182 A.2d 692 (1962). The Township here asks us to infer from Section 401's definition of a mobile home that a mobile home cannot be a single-family dwelling. Even if we were able to find support for such an inference in the definition, we could not have it prevail over a definition of a single-family dwelling clearly including a mobile home.

The Township also argues that the lower court abused its discretion in finding that Reed intended permanently to affix her mobile home to her lot in West Deer Township. In her application to the Township Reed stated that she intended to place the home on a permanent foundation. In her court testimony she stated her intention to place the home on a cement foundation and to add a porch, awnings and skirting. The court had more than ample evidence supporting its finding.

The Township's argument that it should have prevailed in this case because Reed unlawfully placed her mobile home on her lot while her appeal from the denial of her application was pending in the court below is without merit. The Township's remedy for Reed's apparently unlawful action was to ask for equitable relief or to charge Reed with a violation of its ordi-

nance in summary proceedings. This case concerns only the legal propriety of the zoning officer's decision that the ordinance required him to refuse Reed's application.

We affirm the order below.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

ORDER

AND Now, this 15th day of September, 1977, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter, dated July 29, 1976, is hereby affirmed.