Franklin Towne Realty, Inc. v. The Zoning Hearing Board of the Borough of Franklin Park, Allegheny County, Pennsylvania. Borough of Franklin Park, Appellant.

Argued May 5, 1978, before Judges Crumlish, Jr., Wilkinson, Jr. and Blatt, sitting as a panel of three.

*William W. Milnes,* with him *Brandt, Milnes, Rea & Malone,* for intervenor-appellant.

*James W. Dunn, Jr.,* for appellee.

OPINION BY JUDGE BLATT, September 21, 1978:

The Borough of Franklin Park (Borough) appeals here from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Zoning Hearing Board of the Borough of Franklin Park (Board) and granted a setback variance to Franklin Towne Realty (Franklin Towne).

Franklin Towne owns property in the Borough on which it wishes to construct single-family residences. The area in which the property is located is zoned R-2 residential, which zoning permits Franklin Towne's proposed use but also requires a fifty-foot front yard setback. Franklin Towne applied to the Board for a variance to permit a portion of the property to be developed with only a thirty-foot front yard setback. The Board denied the application and Franklin Towne appealed to the court of common pleas. The lower court took additional evidence and granted the variance. This appeal followed.

In a zoning case where the lower court heard additional evidence, review by this Court is limited to a determination of whether or not the lower court committed an error of law or an abuse of discretion. *Reed v. Zoning Hearing Board*, 31 Pa. Commonwealth Ct. 605, 377 A.2d 1020 (1977). The Borough argues here that (1) the hardship alleged was not sufficiently unique or peculiar to the property to justify a variance and (2) that any hardship was self-inflicted.

The Borough argues initially that the hardship to the property was not sufficient to justify the granting of a variance. In granting the variance, the lower court found that "there are unique physical circumstances which include irregularity of lot size and shape and exceptional topical [sic] and other physical conditions peculiar to the property in question, and that significant hardship will result unless a setback variance is granted. . . ." The record indicates that Franklin Towne's property is located on a sharply sloped portion of land. The lots for which the variances are sought front along a road which runs in an ascending grade perpendicular to the slope of the ground. The individual lots slope sharply downward from the grade of the road. The primary reason for which the variances were sought was to bring the proposed houses closer to the road so as to reduce the amount each was set under the road's elevation. Franklin Towne presented testimony indicating that a fifty-foot setback would require the individual houses to be serviced with steeply sloped driveways and that the necessary change in grade of the individual lots would induce drainage problems and increase the danger of slides. Finding this testimony to be well supported in the record, we believe that the lower court did not abuse its discretion in granting the variance. Section 912(1) of the Pennsylvania Municipalities

Planning Code,[1] 53 P.S. §10912(1), provides that a zoning hearing board may grant a variance when it finds, *inter alia*, that a hardship is caused by exceptional topographical conditions peculiar to the particular property. The record clearly indicates that due to the property's unique, topographical conditions, the ordinance's fifty-foot setback requirement imposed an unnecessary hardship for which a variance was properly granted by the lower court.

The Borough also maintains that Franklin Towne is not entitled to a variance because it purchased the property with knowledge and awareness of the setback requirements of the R-2 zoning. This Court rejected an identical argument in *Harper v. Zoning Hearing Board*, 21 Pa. Commonwealth Ct. 93, 97-98, 343 A.2d 381, 384 (1975), where we said:

The Board found that '[s]ince [both owners] acquired the premises with knowledge of the zoning regulations any hardship they claim is self-imposed and cannot serve to justify the grant of a variance.' The Board apparently reached this conclusion by relying on McClure Appeal, 415 Pa. 285, 203 A.2d 534 (1964) and other cases cited by the Township for the proposition that one who seeks a variance cannot be heard to complain of a hardship when that hardship was present to his knowledge when he purchased the property. More recently, however, in Gro Appeal, 440 Pa. 552, 269 A.2d 876 (1970) our Supreme Court has narrowed the circumstances under which a landowner who purchases with knowledge of the property's condition and the existing zoning classification will be prevented from obtaining a variance.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq.

According to Gro, such a landowner's hardship is self-inflicted only where he has paid a high price for the property because he assumed that a variance which he anticipated would justify that price. *The mere fact that he purchased with knowledge of the hardship would not alone preclude his being granted a variance.* See Borough of Ingram v. Sinicrope, 8 Pa. Commonwealth Ct. 448, 303 A.2d 855 (1973). (Emphasis added.)

See also *Schaaf v. Zoning Hearing Board*, 22 Pa. Commonwealth Ct. 50, 56, 347 A.2d 740, 743 (1975). Franklin Towne's knowledge of the zoning requirements prior to the purchase of the property here, therefore, is not sufficient in itself to bar its application for a variance.

The order of the lower court is affirmed.

ORDER

AND Now, this 21st day of September, 1978, the order of the Court of Common Pleas of Allegheny County, docketed at S.A. 1518 of 1976, and dated July 18, 1977, is hereby affirmed.