Sidney Seltzer and Mary J. Seltzer, His Wife, Appellants *v.* Zoning Board of Adjustment of the City of Pittsburgh, Appellee.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT' and MACPHAIL, sitting as a panel of three.

*Victor R. Delle Donne,* with him *Baskin, Boreman, Wilner, Sachs & Gondelman,* for appellants.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, January 4, 1979:

Sidney and Mary J. Seltzer (appellants) have appealed from a lower-court order affirming the denial of their application for a variance by the Pittsburgh Zoning Board of Adjustment (Board).

The appellants sought a variance to permit them to use their property located at 1347 Shady Avenue in Pittsburgh as a four-unit multiple-family dwelling, with one unit being reserved in the basement for the caretaker, and to permit their use of an existing carriage house on the rear lot as a one-family dwelling with a two-car integral garage. The area in which the property is located was zoned as a "B" residential district under the zoning ordinance of 1923 which allowed two-family as well as single-family dwellings. It was rezoned in 1958 as a "R-1" single-family residential district. Admittedly, the main house contained more than two dwelling units at the time when the 1958 ordinance was enacted, and the property had six dwelling units in the front and one in the carriage house at the time of the request.

The Board, after hearing testimony and conducting an on-site inspection, denied the application for a variance on the grounds that multiple-family dwellings are not a permitted use in the "R-1" district and that the proposed use would greatly overcrowd the land and depreciate the value of neighboring properties. On appeal to the Court of Common Pleas of Allegheny County, the appellants alleged that the Board erred in denying the variance and, in the alternative, that they were entitled to a special exception for the natural expansion of a nonconforming use.[1] They also ar-

---

[1] The ordinance provides that a nonconforming use in a nonconforming structure may be extended within the structure as a special exception. Section 2703-2-B. The structure fits within the definition of nonconforming structure which is as follows:

gued that the city had acquiesced in allowing the extended use that had existed, and that the variance should therefore have been granted. After hearing additional testimony the Court concluded (1) that the appellants had failed to show the existence of a legal nonconforming use, (2) that the city had not taken any affirmative action expressing acquiescence in the expanded use, and (3) that the Board had properly found the proposed use to be detrimental to the public health, safety and welfare. The decision of the Board was therefore affirmed and this appeal followed.

Our scope of review in a zoning case where the lower court heard additional evidence is limited to a determination of whether or not the lower court committed an error of law or an abuse of discretion. *Franklin Towne Realty, Inc. v. Zoning Hearing Board*, 37 Pa. Commonwealth Ct. 632, 391 A.2d 63 (1978).

The appellants contend that, because they have a constitutional right to a natural expansion of a nonconforming use, the Board and the court below erred in concluding that the expansion could be denied on the basis that it was detrimental to the public health, safety and welfare. This position is clearly untenable, however, because our Supreme Court, in holding that the right of natural expansion was protected by the Constitution, specifically limited that holding by declaring that "the contemplated expansion must

---

*Nonconforming Structure:*

A *structure* or portion thereof other than a *sign*, lawfully existing on the effective date of this ordinance or subsequent amendment hereto, which was erected or altered for a use that does not conform to the use regulations applicable in the district in which it is located. (Emphasis in original.)

Section 202.

not be detrimental to the public health, welfare and safety. We have never questioned the right of a municipality to impose reasonable restrictions on the expansion of a nonconforming use." *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 102, 255 A.2d 506, 507 (footnotes omitted). The appellants contend also that the provision of the zoning ordinance here relating to expansion of a nonconforming use did not impose restrictions concerning the public health, safety or welfare, but it provides in pertinent part:

No Special Exceptions shall be approved if any of the following findings is made:

a. That the establishment, maintenance, location, and operation of the proposed use will be detrimental to or endanger the public health, safety, morals, comfort, or general welfare; and,

b. That the proposed use will be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes permitted, nor substantially diminish or impair property values within the neighborhood; and,

c. That the establishment of the proposed use will impede the normal and orderly development and improvement of surrounding property for uses permitted in that district; and,

d. That adequate utilities, access road, drainage and other necessary facilities have not been or will not be provided; and,

e. That adequate measures have not been or will not be taken to provide ingress and egress designed so as to minimize traffic congestion in the public streets; and,

f. That the proposed use will not in all other respects, conform to the applicable regulations of the district in which it is located.

Section 2903-3.

Moreover, the provision of the ordinance relating to extension of a nonconforming use within a nonconforming structure clearly requires a determination by the Board that the proposed use be no "more detrimental to the neighborhood." Section 2703-2-B. Our Supreme Court has clearly held that whether or not sufficient parking space is available may properly be considered when a zoning board is asked to approve a special exception for expansion of a nonconforming use. *Everson v. Zoning Board of Adjustment*, 395 Pa. 168, 149 A.2d 63 (1959). There being substantial evidence in the record that the proposed use of the appellants' property would create serious parking problems, we believe that neither the court below nor the Board abused its discretion in denying the appellants' request.

Accordingly, we affirm.

### ORDER

AND Now, this 4th day of January, 1979, the Order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.