Timber Place Associates, Appellant *v.* Plymouth Township Zoning Hearing Board, Appellee.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Philip R. Detwiler, Maerz, Detwiler & Watt,* for appellant.

*Herbert F. Rubenstein,* with him *Norman Ashton Klinger, Beeghley, Rubenstein and Moore,* for appellee.

*Arthur Lefkoe, Wisler, Pearstine, Talone, Craig & Garrity,* for intervenor, Plymouth Township.

OPINION BY JUDGE WILLIAMS, JR., June 9, 1981:

Timber Place Associates (appellant) appeals from an Order of the Court of Common Pleas of Montgomery County. The lower court's Order affirmed the denial by the Zoning Hearing Board of Plymouth

Township (Board) of appellant's application for a special exception.

The appellant is the owner of a high-rise apartment building known as Place One Apartments located in Plymouth Township (Township), Montgomery County. In March, 1979, appellant filed an application with the Board for a special exception to use the first two floors of Place One Apartments for general office space, and for accessory commercial uses to serve the needs of the tenants of Place One. The application was subsequently amended to limit appellant's request to use of the ground floor only for professional office space. The appellant proposes to rent units on the ground floor of the building as offices for doctors, lawyers, and other professionals.

The Board conducted a hearing on appellant's application on April 30, 1979. This hearing was attended by approximately one hundred and forty-five of the tenants of Place One Apartments. The vice president of Place One Tenants Association appeared and presented a petition opposing appellant's application; the petition was signed by three hundred and fourteen protestants, representing two hundred and twelve households in Place One Apartments. Six other tenants testified against appellant's proposed use. These witnesses vigorously protested that the appellant's proposed use of the ground floor would result in further aggravation of an already inadequate parking situation; and would result in a threat to the security of the premises due to the constant flow of non-residents through the building.

After the hearing the Board, by decision dated May 21, 1979, denied the application. The Board concluded that the use of the ground floor for professional type offices, and any use of the same general character, was within the provisions of the Township's Zoning Ordinance (Ordinance) which allow a

special exception; that to grant the special exception would be contrary to the public interest; that the appellant failed to provide for adequate buffering from noise, vibration, and any condition which is detrimental to the proper use of residential apartments; and that the appellant failed to comply with the off-street parking requirements of the Ordinance. Appellant filed a timely appeal in the court below, which affirmed the Board. Appellant brings this appeal from the lower court's Order.

Our scope of review where, as here, the lower court has taken no additional evidence, is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Bruni v. Zoning Hearing Board of Plymouth Township,* 52 Pa. Commonwealth Ct. 526, 416 A.2d 111 (1980); *B & B Shoe Products Co. v. Zoning Hearing Board of Manheim Borough,* 28 Pa. Commonwealth Ct. 475, 368 A.2d 1332 (1977).

The lower court held that the findings of fact and conclusions of law of the Board were based on credible evidence and the applicable law. We find no error in this determination of the lower court; and we reject the plethora of argument presented by the appellant to the contrary.

The appellant in the case at bar chose to proceed under the Ordinance by applying for a special exception. An "exception" in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist. *Application of Devereux Foundation Inc., Zoning Case,* 351 Pa. 478, 41 A.2d 744 (1945). An exception has its origin in the ordinance itself; it relates only to such situations as are expressly provided for and enunciated by the terms of the ordinance. *Kotzin v. Plymouth Township Zoning Board of Adjustment,* 395 Pa. 125, 149

A.2d 116 (1959). The function of the Board when an application for an exception is made is. to determine that such specific facts, circumstances and conditions exist which comply with the standards of the ordinance and merit the granting of the exception. *Id.* at 127-28, 149 A.2d at 118.

Having elected to proceed by special exception, the appellant assumed the burden of establishing: (1) that its application falls within the provisions of the Ordinance which permit appellant so to proceed; and (2) that allowance of the special exception will not be contrary to the public interest.[1]

The Board ruled that the appellant in the case at bar successfully brought itself within the provisions of the Ordinance which allow a special exception,[2] but that appellant failed to establish the correlative condition: that allowance of the special exception will

---

[1] Section 2101(D)(1) of The Plymouth Township Zoning Ordinance places both of these burdens on the applicant.

[2] Section 2401(B) provides as follows:

SECTION 2401. USE REGULATIONS. A building may be erected or used, and a lot may be used or occupied for the following purposes and no other, provided the requirements of the sections following are met:

B. CONDITIONAL USES. Any of the following uses shall be permitted only when authorized as a special exception, subject to the provisions of Article XXI, Section 2101, Paragraph B, herein:

1. When provided as an integral part of the development, such accessory commercial uses primarily to satisfy the needs of the occupants of the High-Rise Apartment Buildings, including but not necessarily limited to restaurants, personal service shops, retail shops, financial institutions, cultural or recreational facilities, professional type offices and any use of the same general character provided that said uses shall be limited to the ground floor area of the building.

2. General office space will be permitted provided that said use shall be limited to first and second floors above the ground floor of the building.

not be contrary to the public interest. In making this determination, the Board evaluated the evidence which was received at the hearing in light of the standards enumerated in the Ordinance;[3] the Board

3. If any of these conditional uses permitted are located in a building within the Center which contains apartments, the apartment units shall be adequately buffered from noise, vibration, and any condition which is detrimental to the proper use of the apartment.

4. In computing parking spaces required for the accessory commercial uses authorized by Sub-section B.1. hereof, and for the general office space use authorized by Subsection B.2. hereof, a reduction in the number of parking spaces required may be allowed for each space required by Section 2404F. hereof by the Council. However, after seventy-five percent (75%) occupancy of the apartment units, or after one year subsequent to the issuance of the initial use and occupancy permit, whichever occurs first, an application shall be made by developer for a special exception, subject to the provisions of Article XXI, Section 2101-B. herein, to determine the propriety of the reduction in the number of spaces authorized above. After occupancy of the premises, should additional parking spaces be required in the opinion of the Council, such additional spaces shall be constructed as ordered by the Council, not to exceed parking requirements contained elsewhere in this Ordinance for commercial and general office space uses as authorized by Sub-sections B.1. and B.2. hereof; any person aggrieved by the Order of the Council shall have the right of appeal to the Zoning Hearing Board, in accordance with Section 2104 hereof, which shall, after a hearing, determine whether such additional spaces are necessary. In making such a determination, the Zoning Hearing Board shall be guided by the purpose of this Ordinance as set forth in Section 101 hereof and the standards used in passing upon an application for a special exception as set forth in Section D.3. hereof.

3 Section 2101(D)(3) provides as follows:

3. In determining whether the allowance of a special exception or a variance is contrary to the public interest, the Board shall consider whether the application, if granted, will:

588

concluded that the parking arrangements existing at Place One Apartments are insufficient to accommodate appellant's proposed commercial uses.

Our review of the record before us reveals that the Board's conclusions are consistent with the evidence. Place One Apartments is presently one hundred and seventy-one parking spaces short of what is required by Section 2404(f)(1) of the Ordinance;[4] it is thus an existing, non-conforming use as to parking. The exception which is sought would expand the

> (a) substantially increase traffic congestion in the streets;
>
> (b) increase the danger of fire or panic or otherwise endanger the public safety;
>
> (c) overcrowd the land or create an undue concentration of population;
>
> (d) impair an adequate supply of light and air to adjacent property;
>
> (e) be consistent with the surrounding zoning and uses;
>
> (f) adversely affect the comprehensive plan of the Township;
>
> (g) unduly burden water, sewer, school, park, or other public facilities;
>
> (h) be detrimental to the appropriate use of adjacent property or
>
> (i) endanger the safety of persons or property by improper location or design of facilities for ingress or egress; or
>
> (j) otherwise adversely affect the public health, safety morals or general welfare.

See also Section 2401(B)(3), footnote 2, above.

[4] Section 2404(F)(1) provides as follows:

SECTION 2404. AREA REGULATIONS.

F. PARKING.

1. Not less than two off-street parking spaces, each consisting of a rectangular area having dimensions not less then ten feet (10′) in width and twenty feet (20′) in length, shall be required for each dwelling unit. . .

existing nonconformity with the specific parking requirements of the Ordinance, and thus constitutes a request to expand a lawful, non-conforming use. A lawful, non-conforming use may be expanded by a reasonable accessory use provided such expansion is not detrimental to the public health, safety and welfare. *Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A.2d 506 (1969); *Seltzer v. Zoning Board of Adjustment, City of Pittsburgh*, 39 Pa. Commonwealth Ct. 520, 395 A.2d 1041 (1979).

The appellant presented no plans for the additional parking spaces which its proposed commercial uses would necessitate. In light of this fact, we see no error in the Board's conclusion that such a situation is adverse to the public welfare. This Court has held that an application for a special exception under a zoning ordinance to expand a non-conforming use can properly be denied when evidence establishes that such expansion would create serious parking and traffic problems. *Seltzer, supra; B & B. Shoe Products Co., supra.*

Accordingly, we find no error of law or abuse of discretion on the record before us; and the Order of the court below is affirmed.[5]

## ORDER

AND Now, the 9th day of June, 1981, the Order of the Court of Common Pleas of Montgomery County, at No. 79-11659, dated May 13, 1980, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[5] The Board's further conclusion, that the security system extant at Place One is likewise inadequate to accommodate the proposed expansion, need not be addressed here. Our decisions in *Seltzer, supra*, and *B & B Shoe Products Co., supra*, render the parking issue controlling for the purposes of this appeal.