Earl W. BEERS and Susan A. Beers
by P/O/A Glenn BEERS

v.

ZONING HEARING BOARD OF
TOWAMENSING TOWNSHIP and
Board of Supervisors of Towamensing
Township

Appeal of: Board of Supervisors
of Towamensing Township.

Commonwealth Court of Pennsylvania.

Argued Sept. 4, 2007.

Decided Oct. 1, 2007.

Thomas S. Nanovic, Jim Thorpe, for appellant.

Michael B. Kaspszyk, Pocono Summit, for appellees, Earl W. Beers and Susan A. Beers by P/O/A Glenn Beers.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Board of Supervisors of Towamensing Township (Township) appeals from the March 26, 2007, order of the Court of Common Pleas of Carbon County (trial court), amended March 27, 2007, which sustained the appeal of Earl W. Beers and Susan A. Beers by P/O/A Glenn Beers (Beers) and reversed the decision of the Towamensing Township Zoning Hearing Board (ZHB). We reverse.

The Beers own two tracts of land in the Township. One is a seven-acre vacant tract located on Stable Road in a residential zoning district. The other tract is 128 acres in size, is not zoned residential and is located on Strohl's Valley Road. In March of 2006, the Township became aware that the Beers were excavating and removing shale from the Stable Road property. The excavation involved the use of heavy equipment, including a front-end loader and dump trucks. After the topsoil was stripped, the shale was extracted and hauled over Stable Road and Strohl's Valley Road to the Beers' Strohl's Valley Road property, where it was used as fill in conjunction with construction of a building on that property. On March 24, 2006, the Township Zoning Officer issued two enforcement notices to the Beers. One enforcement notice involved the alleged expiration of a zoning permit for the construction of a building and is not at issue in this appeal. The other enforcement notice alleged that the Beers were extracting soils from the Stable Road property without a required permit.

On April 20, 2006, the Beers filed timely appeals to the ZHB, requesting an interpretation of applicable zoning provisions. Thereafter, the original enforcement notice regarding the extraction of soils was rescinded, but the allegations were repeated in a new enforcement notice dated April 25, 2006. The new enforcement notice informed the Beers that they were in violation of sections 405(G9) and 406(G9) of the Towamensing Township Zoning Ordinance of 1991 (Ordinance).

Pursuant to section 405 of the Ordinance, the table of uses set forth therein is to be used in conjunction with the detailed descriptions contained in section 406 of the Ordinance. Section 405(G9) identifies "extractive operation" as one of nine industrial uses that are specifically prohibited in a residential zoning district. However, Section 406(G9) states in relevant part that

"[e]xtraction for construction-related or development purposes shall be permitted in any district." (R.R. at 21a.)

The matter proceeded to a hearing before the ZHB. At the May 11, 2006, hearing, Patricia Snyder testified that she is the Township's secretary/treasurer and also had been the Township's Zoning Officer since March 24, 2006. Snyder stated that no construction or development was taking place on the Stable Road property and no application for a permit to conduct extractive operation on that property had been filed. Snyder testified that she interpreted Ordinance section 406(G9) to permit extraction activity on property in any district only when the extraction activity was related to construction or development *on the same property.* However, Snyder acknowledged that there is no language in section 406(G9) that specifically limits permission to extract materials to instances where construction activity is occurring on the same property. (R.R. at 65a.)

Glenn W. Beers testified that the soil being removed from the Stable Road property was used solely to create a foundation for a storage facility to be built on the Strohl's Valley Road property. Beers also stated that he interpreted section 406(G9) of the Ordinance as allowing extraction activity in any district if it is related to construction or development of *any* property.

At the conclusion of the hearing, the ZHB denied the Beers' appeal with respect to the extraction activity, concluding that section 406(G9), which permits extraction in any district for construction-related or development purposes, limits such permission to instances where the extraction and utilization of the extracted material occur on the same property. The ZHB concluded that the logical extension of the Beers' contrary interpretation would allow extraction in a residential district if the extraction were related to any construction located anywhere, and the ZHB concluded that this would be an illogical interpretation of the intent of the Ordinance.

■■■ The Beers appealed to the trial court. The Beers argued that section 406(G9) contains no language that can be interpreted to limit the extraction permitted for construction related purposes to circumstances where both extraction and construction occur on the same property. The Beers pointed out that the Township could have inserted the words "on the same lot" or other words of limitation but did not do so. The Beers also relied on the following well established principles of zoning law. In interpreting the language of a zoning ordinance to determine the extent of the restriction upon the use of property, where doubt exists as to the intended meaning of the language, the language shall be interpreted in favor of the property owner and against any implied extension of the restriction. Section 603.1 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by section 48 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1. Zoning ordinances are to be liberally construed to allow the broadest possible use of land. *Upper Salford Township v. Collins,* 542 Pa. 608, 669 A.2d 335 (1995). While the legislative intent of the governing body is of primary concern when interpreting a zoning ordinance, the letter of the ordinance cannot be disregarded under the pretext of pursuing its spirit. *Tobin v. Radnor Township Board of Commissioners,* 142 Pa.Cmwlth. 567, 597 A.2d 1258 (1991). Restrictions imposed by ordinances must be strictly construed; they may not be construed to restrict the use of land by implication. *Reed v. Zoning Hearing Board of West Deer Township,* 31 Pa.Cmwlth. 605, 377 A.2d 1020 (1977).

The Township countered that the permissive language of section 406(G9) must be read in conjunction with section 405(G9), which prohibits extractive operations in a residential district. The Township asserted that the Beers' interpretation of section 406(G9) renders section 405(G9) meaningless. The Township further argued that, because it is hard to imagine why anyone would extract shale, gravel or topsoil for any purpose other than one related to construction or development, the Beers' interpretation of section 406(G9) permits extractive operations in every zoning district in the Township. Essentially, the Township argued that the Beers' interpretation of section 406(G9) allows the exception to swallow the rule.

■ The trial court determined that sections 405(G9) and 406(G9) were neither inconsistent nor conflicting. Instead, the trial court concluded that section 406(G9) merely provides a logically consistent exception to the rule contained in section 405(G9). Further, the trial court agreed with the Beers that, if any doubt existed as to the intended meaning of the Ordinance language, it must resolve that doubt in the Beers' favor. In addition, the trial court determined that nothing in the Ordinance provides any guidance concerning the intent of the Township in enacting the language at issue and noted that no evidence

was presented at the hearing concerning this issue. The trial court rejected the Township's argument that the Beers' interpretation would lead to an absurd result, in that mining would be permitted in any Township location so long as the shale is used somewhere in the world for construction purposes. The trial court agreed with the Beers that if the Township intended the permitted extraction and related development activity to occur on the same property,[1] it could and should have included limiting language in section 406(G9). Accordingly, the trial court granted the Beers' appeal and reversed the decision of the ZHB. The Township now appeals to this court.[2]

■ The Township first argues that a zoning hearing board's interpretation of its own zoning ordinance is entitled to great weight and deference from a reviewing court, *City of Hope v. Sadsbury Township Zoning Hearing Board*, 890 A.2d 1137 (Pa. Cmwlth.2006), and that the trial court erred and/or abused its discretion in ignoring this well settled principle. The Township also argues that section 603.1 of the MPC applies only where doubt exists as to the intended meaning of the language written and enacted by the legislative body, whereas here there is no doubt as to the intended meaning of the Ordinance.[3] In

---

1. "After all, it seems intuitively obvious that, in order to engage in construction or development activity on a particular property, it would be necessary to engage in extraction activity in connection with that construction or development activity." (Trial ct. op. at 12.)

2. In an appeal from a decision of a zoning hearing board where the trial court receives no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law, and when the trial court is alleged to have erred, we will consider whether the trial court has abused its discretion or committed an error of law. *Header*

*v. Schuylkill County Zoning Hearing Board*, 841 A.2d 641 (Pa.Cmwlth.2004).

3. The Township quotes the following:

Attorneys for landowners often seek to conjure up "ambiguities" and then urge that the ambiguities should be resolved in favor of their clients. However, the central focus of any attempt to interpret a written law is to ascertain the intent of the legislative body that enacted the provision. As [section 603.1 of the MPC] indicates, if the intent of the governing body can be ascertained from the language of the provision, with the aid, if necessary, of the usual interpretational tools, then that intent governs.

addition, relying on the rules of statutory construction,[4] the Township again argues that the interpretation suggested by the Beers is both absurd and unreasonable. Moreover, according to the Township, the Beers' interpretation of section 406(G9) renders section 405(G9) meaningless.[5]

■ The trial court correctly noted that the Ordinance contains no *express* language limiting extraction activity to instances where construction occurs on the same lot. Nevertheless, we agree with the Township that the ZHB's interpretation of Ordinance sections 405(G9) and 406(G9) is entitled to great weight and deference, *City of Hope,* and that the trial court here failed to give that interpretation any weight or deference. In fact, although the trial court framed the issue before it as whether the ZHB abused its discretion or committed legal error, the trial court did not actually address that question. Instead, the trial court simply disagreed with the ZHB's conclusions that the Beers' interpretation of the Ordinance would render section 405(G9) meaningless or lead to an absurd result. (Trial ct. op. at 7, 11.)

■ We are mindful that the Ordinance must be interpreted, if possible, to give effect to all its provisions. Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C.S § 1921. In addition, we presume that the Township did not intend a result that is absurd or unreasonable. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922. Applying our limited scope of review, and giving the ZHB's interpretation of the Ordinance the weight and deference to which it is entitled, we conclude that the ZHB neither erred nor abused its discretion in interpreting sections 405(G9) and 406(G9) of the Ordinance as prohibiting excavation on property in a residential district except in circumstances where such excavation is related to construction or development occurring on that same property.

Accordingly, we reverse.

## ORDER

AND NOW, this 1st day of October, 2007, the order of the Court of Common Pleas of Carbon County, dated March 26, 2007, and amended March 27, 2007, is hereby reversed.

It is only where there is genuine doubt as to the legislative intent that a board or a court should accept the reading that gives the ordinance its least restrictive effect. The result in most cases will be the same whether one searches for "intent" as the [MPC] provides, or for "ambiguities," but the [MPC's] adoption of the "intent" test may affect the result in close cases.
Robert S. Ryan, Pennsylvania Zoning Law and Practice, § 4.2.4 (2001).

4. The rules of statutory construction are applicable to the interpretation of zoning ordinances. *Heck v. Zoning Hearing Board for* *Harveys Lake Borough, Pennsylvania,* 39 Pa. Cmwlth. 570, 397 A.2d 15 (1979).

5. In this regard, the Township points out that section 406(G9) defines "extractive operations" to include a "borrow pit (excavations for removing material for filling operations)." Thus, by the Ordinance's definition, a borrow pit is *always* related to construction or development. The Township notes that, according to the Beers' interpretation, this specific activity is *prohibited* in a residential district under section 405(G9), but it is *always permitted* in a residential district pursuant to section 406(G9).