Commonwealth of Pennsylvania, Industrial Board *v.* John Durbin and Romilda M. Durbin, d/b/a Senate Hotel, Appellants.

Argued Feburary 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Henry E. Harner,* with him *Robert J. Trace,* for appellants.

*David A. Ody,* Assistant Attorney General, with him *Herbert S. Cohen,* Assistant Attorney General, and *Charles S. Solit,* General Counsel, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 16, 1976:

This is the appeal of John Durbin and Romilda M. Durbin, d/b/a Senate Hotel (Appellants), from an order of the Industrial Board, Department of Labor and Industry (Department), Appellee herein, which denied them a variance from the height limitations imposed upon the hotel building by Chapter 4, Table 4, of the Building Regulations for Protection from Fire and Panic, 34 Pa. Code §37.255. They argue that the Board abused its discretion. We are not convinced and accordingly affirm the Board.

Appellants, owners of the Senate Hotel in Harrisburg, sought a variance from 1) an order requiring their submission of architectural plans relating to the building and its emergency lighting system and 2) Item 3 of that same order prohibiting further occupancy of the fourth, fifth and sixth floors of the hotel. The building is classified

as Type V (Ordinary) construction under the Fire and Panic Act,[1] C-2 (Group) occupancy, and is a six-floor structure. Some fifteen permanent residents occupy the fourth, fifth and sixth floors of the hotel.

Appellants say that when they bought the building in 1960 they submitted plans to the Department, which in due course were approved, and further they assert that the approval included the use of all six floors of the hotel. A Department witness testified that although Appellants had submitted plans in 1960, there is no record of final approval for use of the building, nor the issuance of a certificate of occupancy.

The legal bases upon which the Board denied the variance are found in the Board's conclusions of law, which state:

"1. Chapter 4, Table 4, of the Building Regulations for Protection from Fire and Panic imposes height and structural limitations for various types of occupancy and prescribes a height limitation of three (3) floors for Type V (Ordinary) constructed buildings with C-2 (Group Habitation) occupancy.

"2. Section 9 of the Fire and Panic Law states:

'Permits for Use or Occupancy—Before any building or structure hereafter erected, adapted, remodeled, or altered shall be used or opened for occupancy, the owner thereof shall notify the Department of Labor and Industry of the completion of the erection, adaption, remodeling, or alteration of the said building or structure. If the Department of Labor and Industry finds, after proper investigation, that the building or structure complies with the requirements of this act, and the rules and regulations promulgated for the enforcement of the provisions of this act, then the said department shall issue to the owner of the build-

---

1.  Act of April 27, 1927, P.L. 465, *as amended*, 35 P.S. §§1221.

ing or structure a permit authorizing the occupancy or use of the building or structure.'

"3. A legislature may require the alteration of existing buildings, which do not conform to the minimum standards prescribed in a new statute, notwithstanding that the owners of such buildings complied with the law in effect at the time such buildings were erected. 39 C.J.S. 323.

"4. As the Court stated in Commonwealth vs. Charity Hospital of Pittsburgh, 198 Pa. at 277, applicants herein 'equally with all other persons, natural and artificial, holds its property subject to valid police regulation, made and to be made, for the health and comfort of the people.'

"5. The denial of the use and occupancy of the 4th, 5th and 6th floors of the Senate Hotel building is, in the opinion of this Board, necessary to give proper protection from fire and panic to those employed, housed or assembled therein."

Appellants urge us to agree with their initial argument that, absent an objection by the Department during the twelve year use of the upper three floors, it is now estopped from enforcement of the requirements codified in the regulations adopted in furtherance of the Fire and Panic Act which impose a three (3) story height limitation on Type V buildings with a C-2 occupancy.

We do not accept the argument that the Commonwealth has in some fashion slept on its right of enforcing the laws which *it* has created. This is not a case of a private party litigant seeking to enforce a right within a specified time as dictated by the legislature. We are here confronted with the Commonwealth's enforcing a public safety law as codified by Departmental regulation. Surely, there is no limitation on when such an exercise of the police power may occur. Moreover, Section 1 of the Fire and Panic Act, 35 P.S. §1221, states:

"*Whenever* any building designated in this act shall, in the opinion of the Department of Labor and In-

dustry become dangerous to further occupancy because of structural or other defects. . . ." (Emphasis added.)

To say that failure to object to an unlawful and perhaps dangerous condition in the past precludes present enforcement is a position which we cannot accept.

Appellants also question the need to submit architectural plans for the building, as well as an approved lighting system, when they are precluded from using three floors covered by such plans. The short answer to this is that there still exists a need to gain approval of the lighting system for the first three floors. Occupants will still use these floors and the public safety is still in question as to these floors. Further, Appellants have admitted that alterations to the building have taken place since 1960 which would necessitate at least a modification of the original plans filed.

We are satisfied in our review of the record that substantial evidence was adduced and the Board in no way abused its discretion.

Consistent with the foregoing, we

ORDER

AND NOW, this 16th day of March, 1976, the order of the Industrial Board, Department of Labor and Industry, is hereby affirmed.