In Re: Appeal of Irene C. Miller From the Middletown Township Zoning Board of Adjustment. Irene C. Miller, Appellant.

Argued June 7, 1984, before Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Colin M. Jenei, Cordes, King & Associates*, for appellant.

*Bernard D. Cullen*, with him, *Martha F. Lindner, Brady, Lindner & Cullen*, for appellee.

Opinion by Judge Palladino, October 9, 1984:

Irene C. Miller (Appellant) appeals here from an order of the Court of Common Pleas of Bucks County (trial court) affirming a decision of the Zoning Hearing Board of Middletown Township (Board) which denied her permission to use a former single family dwelling as a "personal care boarding home."

Appellant owns a single family ranch style dwelling which she operates as a personal care boarding home, housing unrelated, adult boarders who are either physically or mentally handicapped and who have been referred by local health agencies. Appellant lives at the home together with her eighteen year old foster

daughter, a helper and, since 1977, seven boarders.[1] The boarders pay a fee for which they receive room, board, some transportation, supervision in grooming and an overall monitoring of their needs. The home consists of one kitchen and all of the boarders eat together. According to Appellant, her boarders are persons who, because of their physical and/or mental handicaps, have difficulty functioning in the community. All of the services offered to the boarders are provided by Appellant, her foster child and her helper.[2] The boarders need not sign an agreement and are charged on a per diem basis. Since the home's inception, the identity of the boarders has changed considerably as boarders have moved on either for health reasons or personal preference. Only two of the boarders who were with Appellant in 1978 are still with her today.

Appellant's home is situated in a residential neighborhood, within the zoned R-2 Residence District. Under the zoning ordinance, use and occupancy of a residence in this district is limited to "single family detached dwellings."[3] Prior to June, 1978, Section 104 of the Township's zoning ordinance defined "family" as "any number of persons living and cooking together as a single housekeeping unit." On June 27, 1978, the ordinance was amended to define "family" as "one or more persons related by blood, adoption or marriage living and cooking together as a single housekeeping unit and not more than two persons living and cooking

---

[1] Appellant began accepting personal care boarders in 1974 because she needed the money to keep her home.

[2] Appellant's helper is furnished room and board for her services.

[3] The only other permitted uses in R-2 Residence District are buildings for public worship, educational institutions and a utility facility, together wtih a limited number of accessory uses and home occupations.

together who are not related by blood, adoption or marriage.''

On June 10, 1980, the Township's assistant zoning officer, in response to the complaints of neighbors, issued to Appellant a letter notifying her that having more than one boarder is a violation of the Township's zoning ordinance and requiring her to cease and desist from such use. On or about July 10, 1980, Appellant filed an appeal from the cease and desist order to the Board contending that the use of her residence as a personal care boarding home constitutes a valid nonconforming use inasmuch as the residents of her home constitute a family as that term was defined in the Township's zoning ordinance prior to June 27, 1978. Appellant also argued, in the alternative, that the ordinance is unconstitutional in that it excludes personal care boarding homes from not only residential districts but all districts in the Township and that, in any event, she is entitled to a use variance.[4] The Board rejected each of these contentions. The trial court, without taking additional evidence, sustained the Board's order. This appeal followed.[5]

With respect to whether Appellant's personal care boarding home constitutes a valid nonconforming, use, we initially note that a nonconforming use is one which does not comply with present zoning provisions but which existed lawfully and was created in good faith prior to the enactment of the zoning provision. *Lawrence v. Zoning Hearing Board of Lower Gwynedd Township,* 19 Pa. Commonwealth Ct. 128, 338 A.2d 779

---

[4] Appellant has not raised the use variance before this Court.

[5] Our scope of review, where the court of common pleas has taken no additional evidence, is to determine whether the Board abused its discretion or committed an error of law. *Appeal of Philadelphia Center for Development Services, Inc.,* 76 Pa. Commonwealth Ct. 1, 462 A.2d 962 (1983).

(1975). Constitutional limitations require that non-conforming uses be permitted to continue, although it is the policy of the law to closely restrict such uses. *Collis v. Zoning Hearing Board of East Allen Township*, 51 Pa. Commonwealth Ct. 368, 415 A.2d 102 (1980). Thus we must determine whether Appellant's home falls within the pre-June 27, 1978 definition of family. The Board resolved this issue by focusing on both the commercial nature of the home as well as the fact that residence at the home, with two exceptions, has been temporary. Although admittedly a close question, we are also of the opinion that seven unrelated rent-paying, adult individuals residing temporarily in a boarding home do not constitute a single housekeeping unit.

Appellant argues that characteristics of a single housekeeping unit are present in her home, *i.e.*, a central kitchen, a dining room, a living room and some group participation and interaction. However, as noted by the trial court, the overriding facts are that the home is operated for a commercial purpose as the residents pay a daily fee for lodging and meals, and residence at the home has been temporary. Such factors, we feel, are not characteristic of a single housekeeping unit. Cf. *McGinnis Appeal*, 68 Pa. Commonwealth Ct. 57, 448 A.2d 108 (1982), *cert. denied*, 461 U.S. 944, 103 S.Ct. 2121 (1983) (municipality may constitutionally limit the number of unrelated elderly persons in a group home in a residentially zoned property although allowing an unlimited number of related persons to reside there). We similarly reject Appellant's argument likening her home to a traditional foster home. Foster homes are generally not operated for a commercial purpose. Moreover, foster homes attempt to duplicate the biological family while a home such as Appellants merely attempts to

duplicate family life style. As recently stated by this Court, "each resident is free to leave at any time unencumbered by the social, moral and psychological bonds which, especially during child rearing years, characterize nuclear families." *Owens v. Zoning Hearing Board of Norristown,* 79 Pa. Commonwealth Ct. 229, 233, 468 A.2d 1195, 1197 (1983) (municipality may constitutionally prohibit unrelated adults from residing together in a commercial boarding house located in a single and two family residential district).

With respect to Appellant's constitutional challenge, we note that:

> [o]ne who challenges the constitutionality of a zoning ordinance has no light burden and it is settled that before a zoning ordinance can be declared unconstitutional it must at least be shown that its provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. If the validity of the legislative judgment is fairly debatable, the legislative judgment must be allowed to control. . . . (citations omitted.)

*Glorioso Appeal,* 413 Pa. 194, 198, 196 A.2d 668, 671 (1964).

Citing *Hopkins v. Zoning Hearing Board of Abington Township,* 55 Pa. Commonwealth Ct. 365, 423 A.2d 1082 (1980), Appellant contends that there is no rational relationship between the restrictive definition of family in the Township's ordinance and the state interest to preserve the residential character of the neighborhood. In *Hopkins* we held that a single family zoning ordinance provision could not constitutionally prohibit unrelated foster children from living with adult couples in a domestic environment substantially similar to that of the traditional nuclear family.

Inasmuch as we have previously determined that the living arrangements of the residents of Appellant's home differ significantly from that of a foster home, we believe that the Borough legitimately exercised its police power in prohibiting a personal care boarding home from a single family residential district. *See Owens; Village of Belle Terre v. Borass,* 416 U.S. 1, 94 S. Ct. 1536 (1974) (constitutionality of single family zoning ordinance provision prohibiting the cohabitation of six unrelated college students sustained).

Finally, Appellant contends that the Township's zoning ordinance unconstitutionally excludes personal care boarding homes. Appellant has the heavy burden of proving either a de jure exclusion, by showing that the Township's ordinance on its face bans such activity, or a de facto exclusion, by showing that the ordinance permits a use on its face, but when applied acts to prohibit the use. *Benham v. Board of Supervisors of Middletown Township,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975).

With respect to de jure exclusion, the Board concluded that personal care boarding homes would fit into the category of a convalescent home which is permitted as a special exception in the Township's three Residential-Agricultural Districts. Moreover, personal care facilities are permitted in at least four other zoning districts in the Township. Thus, we also agree with the Board that the Township's ordinance does not facially ban personal care boarding homes.

With respect to de facto exclusion, Appellant has failed to adduce any evidence demonstrating that the ordinance, as applied, acts to exclude personal care boarding homes. Although the Township's assistant zoning officer testified that a "boarding house" is not a permitted use in any of the Township's zoning districts, there is no evidence that personal care homes

414

are in fact excluded. We must therefore conclude that Appellant has failed to meet her heavy burden of overcoming the presumed constitutionality of the Township's zoning ordinance.

### ORDER

AND Now October 9, 1984, the order of the Court of Common Pleas of Bucks County, dated April 19, 1983, is affirmed.