522 A.2d 1176

In Re: Appeal of Robert Culp From Decision of Hearing Officer of January 7, 1985, Concerning Denial of Certificate of Registration and Cease and Desist Order Concerning Mobile Home Park by Bucks County Department of Health on Tax Parcels 12-8-21-1 and 12-8-21-2. Robert Culp, Appellant.

Submitted on briefs December 19, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Robert Culp,* appellant, for himself.

*Elliot M. Drexler, Connolly, Chandor & McAndrews,* for appellee.

OPINION BY JUDGE DOYLE, March 17, 1987:

This is the appeal of Robert Culp (Appellant) from an order of the Court of Common Pleas of Bucks County affirming the decision of the Bucks County Board of Health, which denied Appellant's application for a certificate of registration for a mobile home park. We affirm.

Appellant owns and operates an eight-unit mobile home park in East Rockhill Township, Bucks County, Pennsylvania. This mobile home park was in existence prior to 1980, and Appellant admits that he has never registered his mobile home park as is required by the Bucks County Department of Health's Rules and Regu-

lations for mobile home parks, which became effective on November 1, 1980. In May 1982,[1] the Bucks County Department of Health (Department) received a complaint with regard to the operation of Appellant's mobile home park. In January 1983, the Department held a conference with Appellant concerning the operation of his mobile home park. On February 3, 1983, Appellant filed an application with the Department to obtain a "Certificate of Registration" for his mobile home park. Field investigations were made in February, March and May of 1983 to determine whether the mobile home park met the requirements of the Department's regulations. Subsequently, the Department, by letter dated June 13, 1983, informed Appellant that his mobile home park was in violation of its regulations and ordered him to "cease and desist the operation of the mobile home park . . . within 90 days from receipt of this letter, unless compliance can be made with the Department's Mobile Home Park Rules and Regulations. Failure to do so will necessitate the Department's taking immediate action to enforce compliance." Attached to this letter was a copy of the Department's regulations, a list of six violations found by the Department, and the remedial measures needed to bring Appellant's mobile home park within compliance.

Appellant filed an administrative appeal with the Department. Following three days of hearings, the hearing officer affirmed the Department's denial of

---

[1] While the hearing officer found that the Department received a complaint on May 13, 1983, the trial court found that it received a complaint on May 13, 1982. Review of the record discloses that the Department received a complaint in May 1982 from East Rockhill Township, and that it responded by letter dated May 13, 1982 to the complaining party. The Department then made a field investigation in August 1982 and spoke to Appellant about his mobile home park at that time.

Appellant's application for a certificate of registration. In his order the hearing officer wrote that the Department's cease-and-desist order "shall not take effect until February 28, 1985 and [that] during the interim, Appellant may make appropriate corrective measures to satisfy the requirements of the Department, and, thereby, possibly obtain a certification of registration prior to the enactment of this cease and desist order."

On appeal, the Court of Common Pleas of Bucks County, without taking additional evidence, affirmed the decision of the hearing officer. This appeal followed.

Our scope of review of a local agency appeal is limited to a determination of whether there has been an error of law, whether constitutional rights have been violated, and whether the necessary findings of fact are supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b); *Tegzes v. Township of Bristol,* 504 Pa. 304, 472 A.2d 1386 (1984).

Appellant raises three issues here. He contends that the Department has no jurisdiction or authority to issue a "cease-and-desist order"; that the Department abused its discretion by denying him a certificate of registration for his mobile home park; and that since his mobile home park was in existence prior to the Department's regulations, he is exempt from complying with them. We will deal with these issues *seriatim.*

Appellant relies on *Commonwealth v. Trask,* 71 D. & C. 2d 203 (1974) in support of his assertion that the Department has no authority to issue a cease-and-desist order. In *Trask,* the owner of a trailer park challenged the issuance of a cease-and-desist order by the Department of Environmental Resources. The court focused on the following statutory provision:

The Department of Environmental Resources shall have the power and its duty shall be:

(1) To protect the people of this Commonwealth from unsanitary conditions and other

nuisances, including any condition which is declared to be a nuisance by any law administered by the department;

. . .

(3) To order such *nuisances* including those detrimental to the public health to be abated and removed.

Section 1917-A of the Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-17(1), (3) (emphasis added).

The Court in *Trask* held that because no nuisance, as described in the statute, was established, the Department of Environmental Resources had no authority pursuant to Section 1917-A of the Code to issue a cease-and-desist order. The court, however, indicated that had there been evidence of a nuisance, a cease-and-desist order would have been valid.

In the instant case the relevant statute delineating the powers and duties of the county departments of health states in relevant part that:

After it has been established, the county department of health—

. . .

(c) shall prevent or remove conditions which constitute a menace to public health;

. . .

(f) shall make and enforce such rules and regulations . . . and institute such programs not inconsistent with law as may be necessary for the promotion and preservation of the public health.

Section 10 of the Local Health Administration Law (Law), Act of August 24, 1951, P.L. 1304, *as amended,* 16 P.S. §12010.

Here, the Department found that Appellant's mobile home park was in violation of many of its health regula-

tions. This led to the Department's denial of Appellant's requested certificate of registration. These violations include deficiencies in the sewer system and water supply, and a lack of proper documentation of electrical inspections. These violations constitute a menace to public health and are palpably a nuisance. The Department, therefore, had the authority, pursuant to Section 10 of the Law, to issue a cease-and-desist order.

Appellant's second contention is that the Department abused its discretion in denying him a certificate of registration. To support this contention, Appellant argues that several of the hearing examiner's findings are not supported by substantial evidence. We disagree. While Appellant has reproduced for us excised portions of the testimony taken before the hearing examiner, which are contrary to the hearing examiner's findings, extensive review of the *complete* record and transcript discloses that these findings are supported by substantial evidence.

With regard to the third issue raised, Appellant asserts that the Department's regulations, which became effective in 1980, cannot be applied to his mobile home park because the park pre-existed the regulations and, therefore, constitutes a "non-conforming use" and that a retroactive application of these regulations constitutes an unconstitutional *ex post facto* law depriving him of due process. Appellant's initial argument in this instance is premised on a concept that is peculiar to zoning law. A "non-conforming use" is a use which does not conform with the present *zoning ordinance,* but which existed lawfully prior to the *zoning ordinance. Miller Appeal,* 85 Pa. Commonwealth Ct. 407, 482 A.2d 688 (1984). Here, the Department's regulations do not preclude the Appellant's use; rather, they establish the minimum requirements with regard to the sewage, water, electrical and other health and safety compo-

nents of Appellant's use. These regulations ensure the health and safety of persons dwelling on Appellant's property and the surrounding property and, as such, are an appropriate exercise of the police powers granted to the Department. *See* Section 10 of the Law, 16 P.S. §12010.

Appellant's second argument is similarly without merit. The *ex post facto* prohibition only applies to penal sanctions. *Righter v. Department of Labor and Industry*, 86 Pa. Commonwealth Ct. 645, 486 A.2d 547 (1985). While it is true that the Department's regulations provide for penal sanctions,[2] no penal sanctions have been sought in the instant case; therefore, there has been no unconstitutional *ex post facto* application of the Department's regulations. *See Padgett v. Stein*, 406 F. Supp. 287, 300-301 (M.D. Pa. 1975).

For the foregoing reasons, the order of the Court of Common Pleas of Bucks County is affirmed.

ORDER

Now, March 17, 1987, the order of the Court of Common Pleas of Bucks County in the above-captioned matter, dated January 13, 1986, is hereby affirmed.

---

[2] An *ex post facto* law is penal legislation that imposes criminal punishment for conduct lawful previous to its enactment or penal legislation which inflicts greater criminal punishment than the law annexed to the crime when it was committed. *Padgett v. Stein*, 406 F. Supp. 287 (M.D. Pa. 1975). In the instant case, the Department's regulations provide for penal sanctions in the form of fines and/or imprisonment for "summary offenses" and "misdemeanors". The Department apparently has not pursued these penalties against Appellant.