587 A.2d 827

**WILLITS WOODS ASSOCIATES, Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PHILADELPHIA and City of Philadelphia and Ashton Square Civic Association, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1990.

Decided Feb. 12, 1991.

Reargument Denied April 8, 1991.

Stanley A. Uhr, with him, Louis J. Carter, Philadelphia, for appellant.

Marjorie Stern Jacobs, Deputy City Sol., and Stanley R. Krakower, Philadelphia, for appellees.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Willits Woods Associates (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), rejecting appellant's contention that the City of Philadelphia Zoning Code (Code) is unconstitutional in that it excludes mobile home park development.

Appellant initially appealed to the trial court from a decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) that affirmed the Department of Licenses and Inspections (Department) in denying appellant a permit to develop a 217 unit mobile home park on a site that is split-zoned as follows: primarily "L–2" (limited industrial) and partially "R–4" (residential).

Because of delay by the City of Philadelphia (City) in responding to appellant's initial appeal and the Board's delay in transmitting the record, the trial court found in appellant's favor without addressing appellant's constitutional challenge of the Code. The Board, along with the Ashton Square Civic Association, intervening appellee, appealed the trial court's decision to this Court. On December 16, 1987, we reversed the trial court's procedural disposition and remanded the case to the court of common pleas to decide the constitutional issue.[1] After the matter was briefed and argued without the taking of additional testimony, the court of common pleas, on May 11, 1990, dismissed the appeal on the basis that appellant had not met its "burden of proving *de jure* exclusion of a mobile home park

---

**1.** *See Zoning Board of Adjustment, City of Philadelphia v. Willits Woods Associates,* 112 Pa.Commonwealth Ct. 24, 534 A.2d 862 (1987).

by the zoning ordinance." An appeal from the trial court's order is now before us.

 The pivotal issue to determine is whether appellant met its burden of proving the Code unconstitutional by reason of the alleged *de jure* exclusion of any reference to a mobile home or trailer park district. Where no additional testimony is taken by the trial court, this Court's scope of review is limited to determining whether the Board abused its discretion, erred as a matter of law, or made findings of fact unsupported by substantial evidence. *Williams v. Salem Township,* 92 Pa.Commonwealth Ct. 634, 500 A.2d 933 (1985), *petition for allowance of appeal denied,* 516 Pa. 615, 531 A.2d 781 (1987). In the present case, we find no evidence of either.

Appellant argues that no Code provision refers to mobile homes or mobile home parks or provides for their development, and that the only Code classification which arguably could be considered to refer to mobile homes is the provision referring to "trailer camps." Nevertheless, appellant maintains that even if included within the "trailer camp" classification, mobile home park developments would still be effectively excluded because no trailer camp districts have been specifically designated in Philadelphia. Appellant further contends that if, on the other hand, mobile home parks are not included within the definition of trailer camps, then the Code totally excludes them as permitted uses. On the basis of this argument, appellant claims to have proven both the Code's unconstitutionality in its *de jure* exclusion of mobile home park development, as well as the unconstitutionality of the Board's reliance on the Code in denying the requested permit, especially in the absence of showing that a mobile home park would be detrimental to the public health, safety and welfare. Rectifying this unconstitutionality would, according to appellant, require granting its application for a permit to develop the proposed mobile home park.

■ Appellees counter by emphasizing that the Code does not specifically prohibit either a mobile home use or a mobile home park. Moreover, the fact that the Code does not contain a specific provision addressing the proposed use is not, as appellees point out, in and of itself a basis for finding an unconstitutional exclusion of that use. *See Appeal of Shore*, 524 Pa. 436, 573 A.2d 1011 (1990). In support of this contention, appellees note that, although seven zoned districts (R–11, R–11A, R–12, R–13, R–20, RC–1 or RC–6), permit the construction of a mobile home park as a "group dwelling," appellant never applied for a permit in these areas, but only for a site zoned "L–2" (limited commercial) that does not permit *any* residential use. Moreover, appellees contend that the Department's notice denying appellant's permit request indicated that appellant was actually proposing construction of 217 structures on *one* lot, not separate lots, and that these structures would be "permanent or long term residences," rather than "temporary vehicular arrangements" as intended by the term, "mobile trailer," defined in Section 14–102(37) of the Code.

Examination of the record reveals substantial evidence to support the trial court's finding that appellant failed to meet its burden of proving the Code to be exclusionary of mobile homes and, therefore, unconstitutional. With respect to constitutional challenges, this Court has stated:

> [o]ne who challenges the constitutionality of a zoning ordinance has no light burden and it is settled that before a zoning ordinance can be declared unconstitutional it must at least be shown that its provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.

*Appeal of Miller*, 85 Pa.Commonwealth Ct. 407, 412, 482 A.2d 688, 691 (1984), *rev'd on other grounds*, 511 Pa. 631, 515 A.2d 904 (1986) (quoting *Glorioso Appeal*, 413 Pa. 194, 198, 196 A.2d 668, 671 (1964)).

■ We agree with the trial court's finding that the evidence presented by appellant did not prove either a *de*

*jure* exclusion, by showing that the ordinance, on its face, bans the proposed mobile home use, or a *de facto* exclusion, by showing that the Code permits the use on its face but, when applied, acts to prohibit the use. Precedent has established that when a proposed use can be considered within another zoning classification or, where the zoning ordinance in question is broad enough to encompass the proposed use, there is no *de jure* exclusion. *Appeal of M.A. Kravitz Co., Inc.,* 501 Pa. 200, 460 A.2d 1075 (1983).

In an analogous situation, where the proposed use appeared to be omitted from the zoning ordinance, this Court affirmed the Board's findings based on substantial evidence that, although not specifically defined in the township's zoning ordinance, "personal care boarding homes would fit into the category of a convalescent home ... permitted as a special exception in the Township's three Residential–Agricultural Districts." *Appeal of Miller,* 85 Pa.Commonwealth Ct. at 413, 482 A.2d at 692. Similarly, in *Heller Appeal,* 101 Pa.Commonwealth Ct. 564, 569, 516 A.2d 859, 862 (1986), we reasoned that a truck trailer may "be transformed into a traditional farm building by virtue of its installation and use." In the case before us, the Board found that substantial evidence warranted considering the mobile homes proposed by appellant, as "single family dwellings" within the meaning of Section 14–102(19) of the Code, which constitute a permitted use in various residential zoning districts. In this respect, we must defer to the Board's interpretation of the Code, especially since "construction of a statute by those charged with its execution and application is entitled to great weight and should not be disregarded or overturned except for cogent reasons." *Longo Liquor License Case,* 183 Pa.Superior Ct. 504, 508, 132 A.2d 899, 901 (1957).

Further examination of the record reveals that the trial court correctly upheld the Board's findings that the Code provides for mobile home park development in seven other residentially zoned districts but that appellant never sought permits for these allowed residential areas. Based on the

foregoing considerations, we find appellant's arguments that the Code is either *de jure* or *de facto* exclusionary of mobile park homes and, therefore, unconstitutional, to be without merit.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 12th day of February, 1991, the order of the Court of Common Pleas of Philadelphia in the above-captioned matter is affirmed.