**Robert and Loren PEARSON,**
**Appellants**

v.

**ZONING HEARING BOARD OF NEW-LIN TOWNSHIP and Nextel Communications of the Mid Atlantic, Inc.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.

Decided Jan. 19, 2001.

Gerald F. McCormick, West Chester, for appellants.

John A. Jaros, Kennett Square, for appellees.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

DOYLE, President Judge.

Robert and Loren Pearson (Appellants) appeal from an order of the Court of Common Pleas of Chester County which affirmed the decision of the Zoning Hearing Board of Newlin Township (Board) granting an application for a special exception to construct and operate a cellular communication facility filed by Nextel Communications of Mid Atlantic, Inc. (Nextel).

Nextel is a wireless communications provider and currently holds a radio station license issued by the Federal Communications Commission (FCC), which license authorizes it to provide service to its user public in the Philadelphia metropolitan area, among other locations. In order for Nextel to provide continuous service to its users, it utilizes an interconnected series of cells that overlap in a grid-like pattern. Each cell contains a personal communication service (PCS) facility which works to transmit radio signals from cell to cell in order to provide reliable coverage to the public user.

A PCS facility consists of a group of antennae affixed to a telecommunications tower and a modular support structure (also known as the "switch") located at the base of the cell tower that consists of computer equipment and transmitters which are used to relay calls. These two components of the PCS facility work together to transmit radio signals from cell to cell in order to provide its wireless coverage to the public.

The parties agree on the basic facts. In September of 1998, Nextel entered into an agreement to lease a 6,400 square foot parcel of land owned by Evan Hicks, Jr. in Newlin Township's I–Industrial Zoning District in order to construct a PCS facility. Nextel's proposed PCS facility would consist of an unmanned 150–foot tower with 12 four-foot antennae on the top of it. At the base of the tower, Nextel would construct a pre-fabricated 10′ × 20′ shelter to house the required computer switching equipment.

Newlin Township's Zoning Ordinance of 1980 permits a "radio or television transmitter" use, by special exception, in the I–Industrial Zoning District of the township pursuant to Article VII, Section 700(6)(a), which provides, in pertinent part:

A building may be erected, altered or used, and a lot may be used for any of the following purposes and no other:

\* \* \*

6. The following uses may be permitted as a special exception when authorized by the Zoning Hearing Board:

a. Radio or television transmitter, including such as an accessory use, if it is

of any type requiring licensing by the Federal Communications Commission.

(Reproduced Record (R.R.), at 215a.)

After securing the lease agreement, Nextel filed an application with the Board requesting a special exception to erect the proposed PCS facility. The Board conducted hearings on February 22, 1999 and March 10, 1999. Following the conclusion of the hearings, the Board granted Nextel's request for a special exception, finding that its proposed PCS facility qualified as a radio transmitter as that term is commonly used. In addition, the Board opined that if the term "radio transmitter" were not construed to include the PCS facility, such a facility would be impermissibly excluded from the township.[1] Appellants then appealed to the Common Pleas Court, which affirmed the Board, finding that it was required to defer to the expertise of the Board because the issue presented concerned the interpretation of its zoning ordinance. This appeal followed.

■ On appeal,[2] Appellants argue that the Board committed an error of law in concluding that Nextel's proposed PCS facility falls within the definition of "radio transmitter." Appellants maintain that the radio transmitter component of the PCS facility is but only a minor element, and that the majority of the facility falls far outside any commonly understood definition of the term "radio transmitter."[3] Nextel argues, on the other hand, that the entire PCS facility, including the tower and switching equipment, are necessary to make it function, and thus, the whole facility falls within the definition of a radio transmitter.

■ We must decide whether the Board erred in its interpretation of the term "radio transmitter" as it applies to Nextel's proposed PCS facility. It is well settled that where an ordinance does not specifically define the term at issue, it must be interpreted consistent with its common usage. *Bell Atlantic Mobile Systems v. Borough of Baldwin,* 677 A.2d 363 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 548 Pa. 620, 693 A.2d 590 (1997). In construing the relevant provisions of a township's zoning ordinance, we generally use dictionaries as source material to determine the common and approved usage of a term. *Kissell v. Ferguson Township Zoning Hearing Board,* 729 A.2d 194 (Pa.Cmwlth.1999). In addition, it is Pennsylvania law that a court construing a zoning ordinance must afford permitted uses the broadest interpretation so that a landowner may have the benefit of the least restrictive use and enjoyment of his or her land. *Board of Supervisors of Upper Merion Township v. McDonald's Corporation,* 91 Pa.Cmwlth. 299, 497 A.2d 264 (1985).

■ In light of the above standards, we note that the term "radio transmitter" is not defined in the Newlin Township Ordinance. For that reason, we referred to the dictionary definition of the subject term to ascertain its common usage. "Radio" is defined as "[t]he transmission and **reception** of electric impulses or signals by means of electromagnetic waves without connecting wires." *Webster's Third New*

---

1. This exclusion would occur because the I–Industrial Zone is the only zone in the township that allows radio transmitters. Therefore, if PCS facilities were not construed as radio transmitters, and because PCS facilities would not fit into any other category, then the facilities would not be permitted in any other zone in the township; in other words, such a facility would be totally excluded.

2. In a land use appeal, where the trial court took no additional evidence, this Court's review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law. *South Coventry Township Board of Supervisors v. Zoning Hearing Board of South Coventry Township,* 732 A.2d 12 (Pa.Cmwlth.1999).

3. Appellants suggest that the 150–foot tower and all of the switching equipment make up the majority of the PCS facility, and as such, are outside of the definition of "radio transmitter."

**1190** ■ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*International Dictionary* 1872 (1986) (emphasis added). "Transmitter" is defined as "...a mechanism for converting sound waves into equivalent electric waves." *Id.*

It is undisputed that Nextel has been licensed by the FCC to operate a dual purpose digital mobile **radio** system. (R.R. at 208a, Exhibit A9.) We believe that the record supports the Board's finding that "[t]here is no fundamental or essential difference between [Nextel's PCS facility], and other types of radio transmitters." (Board's opinion at 4.) Nextel's radio frequency engineer testified as to how the PCS facility operates as follows:

> Our network consists of essentially two components. You have our cell towers or our cell locations, ..., and we have our switch. Together they work together to provide our wireless coverage. The cell locations emit the radio signals to the handsets, and then those signals are transferred from the tower back to our switch and the switch processes the data from between the local telephone network and then back through our cables back to the towers and to the mobile handset.

(Notes of Testimony, Testimony of Christopher Thomas, dated February 22, 1999 at 51; R.R. at 51a.) It is clear that the entire PCS facility operates well within the definition of "radio transmitter." It transmits and **receives** radio signals without connecting wires, and the facility processes the data and transmits the resulting signal from an antenna. The entire system operates together in order to transmit the necessary information for the cellular system to function. Therefore, the Board properly granted Nextel's special exception by holding that its PCS facility constitutes a radio transmitter for purposes of the Ordinance.

Accordingly, the order of the Common Pleas Court is affirmed.[4]

---

4. Due to our disposition of this case, we need not address the argument that by not construing the PCS facility as a radio transmitter,

*ORDER*

**NOW,** January 19, 2001, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.

such facilities would be impermissibly excluded from the township.