# T-Mobile USA Inc. v. Zoning Hearing Board of the Township of Whitehall

*Catherine E. N. Durso,* for appellant.

*F. Paul Laubner,* for appellee.

BLACK, *J.,* August 19, 2005—This matter is before the court on the appeal of T-Mobile USA Inc./Omnipoint Communications Enterprises LP from a decision of the Zoning Hearing Board of the Township of Whitehall denying its application for a special exception to construct a wireless communication facility on premises at 2480 Main Street, Whitehall, Lehigh County, Pennsylvania. T-Mobile also requested two variances, but this request became moot when the special exception was denied. T-Mobile contends that the board abused its discretion and committed an error of law in denying the special exception. For the reasons stated below, we affirm the board's decision.

## FACTS AND PROCEDURAL HISTORY

The property on which the proposed facility is to be located consists of 25.466 acres identified as 2480 Main Street, Whitehall, Lehigh County, Pennsylvania. The property is located in an I-Industrial Zoning District, and contains a number of large fuel storage tanks. Adjacent to the property are numerous residential structures.

The current owner of the property, Sunoco Partners Marketing and Terminals LP, has entered into a lease agreement with T-Mobile for T-Mobile to use 10,000 square feet of the 25.466-acre tract for the construction of a wireless communication facility. With Sunoco's authorization, T-Mobile filed a zoning application on July 29, 2004, seeking approval of a special exception use for a wireless communication facility on the subject premises. T-Mobile also sought two variances to eliminate the requirements that the communication tower be painted and that the parking area and roadway be entirely paved.

The board conducted a hearing on December 21, 2004, at which representatives of T-Mobile and various objectors appeared. The evidence revealed that the proposed communication tower is to be a 120-foot freestanding monopole with antennae extending an additional three feet. The tower is to be made of galvanized steel and will be capable of supporting other antennae for future uses. The tower will be set back a minimum distance of 125 feet from neighboring properties. It will be enclosed within a fence compound, 50 feet by 50 feet in size, comprised of chainlink fencing topped with barbed wire. T-Mobile conducted a visual impact analy-

sis and propagation analysis, as required by the ordinance, and produced these analyses to the board. Its representative testified that there were no alternative workable tower locations. The evidence also disclosed that the design of the tower meets industry standards and has not been objected to by the Federal Aviation Administration. Additionally, the radio frequency signal levels will be below the exposure limits established by the Federal Communications Commission.

Numerous individuals who own homes adjacent to, and in the immediate vicinity of, the subject premises appeared at the hearing as objectors. Their principal complaint was about the visual impact of the tower on their nearby homes. They also expressed concern over possible health dangers from the tower. Tom Yablonski, one of the objectors, stated, "Our big concern is the visual impact . . . I don't think that blends in too well."[1] Other objectors offered similar testimony. George Atiyeh asked rhetorically, "Could you imagine this tower 125 feet up in the air, how it's going to look sitting in my backyard?"[2]

At the conclusion of the hearing, the board voted orally to deny T-Mobile's application for a special exception. Because of this denial, the board never reached the variance requests. The board's written decision was issued on January 5, 2005. In its decision the board stated that the testimony of the objectors was credible, and concluded:

"While the property is zoned Industrial, it is also in the immediate vicinity of numerous residential struc-

---

1. Notes of Testimony of Hearing 12/21/04 (N.T.), 42.
2. N.T. 55.

tures. . . . The board is of the opinion that the use is not in harmony with adjacent properties in the immediate area. In order to obtain a special exception use, the board must determine whether or not the use is consistent with surrounding zoning and uses and is not detrimental to the appropriate use of adjacent property. In this regard, the board is also of the opinion that the use is not consistent with the surrounding zoning and uses in that the surrounding zoning and uses are residential. The board also finds that the location of this tower so close to surrounding residential use is definitely detrimental to the appropriate use of the surrounding residential structures, and for that reason, the special exception should not be granted."

T-Mobile has filed a timely appeal from this decision.

## DISCUSSION

The Whitehall Township Zoning Ordinance permits a wireless communication facility as a special exception use under section 10.3(c), provided that the proposed use meets the conditions enumerated in this section as well as the general requirements for all special exceptions in section 5.13 of the ordinance. One of the general requirements, set forth in section 5.13(4), is that

"the proposed use is not:

"(i) inconsistent with the surrounding zoning and uses;

"(ii) detrimental to the appropriate use of adjacent property."

The board concluded that the proposed use did not meet this requirement.

The parties did not present additional evidence to the court. Therefore, our scope of view is limited to determining whether the board committed an abuse of discretion or an error of law in reaching this conclusion. *Limley v. Zoning Hearing Board of Port Vue Borough,* 533 Pa. 340, 625 A.2d 54 (1993). An abuse of discretion can be found only if the board's findings are not supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983).

An applicant for a special exception use has the initial burden of establishing that the proposed use is in compliance with the specific requirements set forth in the ordinance for the special exception. If the applicant satisfies this initial burden, the burden then shifts to the objectors to establish that the allowance of the exception would be contrary to the "public health, safety and welfare." *Smith v. Zoning Hearing Board of Huntingdon Borough,* 734 A.2d 55, 59 (Pa. Commw. 1999).

T-Mobile argues that the objectors failed to produce substantial evidence to support a finding that the proposed use is detrimental to the public health, safety and welfare. However, the board never made any such finding; nor was such a finding a necessary part of its decision. Instead, the board found that T-Mobile had failed to meet its initial burden, so that the "public health, safety and welfare" issue was never reached.

The board's decision was based on testimony from the objectors that the proposed use was inconsistent with surrounding residential uses and was detrimental

to the residential use of their adjacent properties. The board found this testimony credible and hence refused the special exception as failing to comply with section 5.13(4).

From our review of the record, we cannot find that the board committed an error of law or abused its discretion in reaching this conclusion. It was within the board's authority to determine the credibility of the witnesses. This court cannot substitute its judgment for that of the board. *East Torresdale Civic Association v. Zoning Board of Adjustment of Philadelphia County*, 536 Pa. 322, 639 A.2d 446 (1994). The fact that the court may have made a different decision had it heard the evidence is not grounds for reversal. The question is whether there is adequate evidence to support the board's findings. *Everson v. Zoning Board of Adjustment*, 395 Pa. 168, 149 A.2d 63 (1959); *Allegheny West Civic Council Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 547 Pa. 163, 689 A.2d 225 (1997) (reversing lower court's reversal of zoning board's action).

In this case the evidence was more than sufficient to support the board's findings that the proposed use was inconsistent with the surrounding residential uses and would be detrimental to these uses. The proximity of the tower to the neighboring residential properties is a matter of record. The testimony established that the 120-foot tower would have a substantial visual impact on these properties, interfering significantly with the residents' enjoyment of their homes.[3]

---

3. The board did not base its decision on a finding that there was a health hazard from the tower emissions. The evidence would not sup-

As a result of these findings, the board concluded that the proposed use did not qualify for a special exception under the ordinance. The board's interpretation of the ordinance is entitled to great weight and deference from this court. *Borough of Milton v. Densberger,* 719 A.2d 829 (Pa. Commw. 1998); *Johnston v. Upper Macungie Township,* 162 Pa. Commw. 170, 638 A.2d 408 (1994). This principle is codified in 1 Pa.C.S. §1921(c)(8). The basis for this judicial deference is the knowledge and expertise that a zoning hearing board possesses to interpret the ordinance that it is charged with administering. *Willits Woods Associates v. Zoning Board of Adjustment of City of Philadelphia,* 138 Pa. Commw. 62, 587 A.2d 827 (1991). Our courts have consistently applied this principle of deference where a zoning appeal involves the board's interpretation of certain provisions in the ordinance. *East Allegheny Community Council v. Oncology-Hematology Associates,* 783 A.2d 375, 378 (Pa. Commw. 2001) (zoning board's interpretation entitled to great weight and will not be overturned except for cogent reasons); *Pearson v. Zoning Hearing Board of Newlin Township,* 765 A.2d 1187 (Pa. Commw. 2001) (board's interpretation of undefined terms in zoning ordinance entitled to great weight).

A similar conclusion was reached in *Amerikohl Mining Inc. v. Zoning Hearing Board of Wharton Township,* 142 Pa. Commw. 249, 597 A.2d 219 (1991), where the Commonwealth Court upheld the denial of a special exception for a surface mining operation where the prox-

---

port any such finding, and the Federal Telecom Act, 47 U.S.C. §332(c), prohibits a municipality from denying a wireless communication facility on the basis of any such alleged health risks.

imity of the mining operation was detrimental to nearby residences. The evidence of a detriment was more substantial in *Amerikohl* than here, but the principle is the same: Interference with the use and enjoyment of nearby properties is a valid basis for a zoning hearing board to refuse a special exception use.

For all of these reasons, we affirm the decision of the board denying a special exception to T-Mobile.

### ORDER

Now, August 19, 2005, upon consideration of the appeal of T-Mobile USA Inc./Omnipoint Communications Enterprises LP, from the decision of the Zoning Hearing Board of the Township of Whitehall dated January 5, 2005, after a review of the record and the parties' briefs and oral argument, for the reasons stated in the accompanying opinion, it is ordered that the appeal is denied and the decision of the Zoning Hearing Board is affirmed.